AMELIA A. CARRIER *vs.* NOYES B. A. CARRIER.

First Judicial District, Hartford, January Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

In an action for trespass upon land, the defendant may, under a general denial, prove title and right of possession in a third person under whose direction and authority the defendant acted.

In an action brought on the statute against forcible entry and detainer (§ 992), if it be shown that the plaintiff was in actual, peaceable possession of land, and that the defendant entered into the land with force, the latter cannot defend by showing title or right of possession in either himself or a third party.

In an action for a forcible entry upon land of which the plaintiff had no right of possession, she must allege and prove her actual possession of the premises. It is not sufficient to allege that she resided and made her home at the building in question.

Nor is proof sufficient, even if it had been supported by proper allegations in the complaint, that the plaintiff was in possession of part of a building, and that the defendant, under the direction and authority of the rightful owner of the building, opened the building by force, not knowing of the plaintiff's possession or claim of possession, for the purpose of taking certain property belonging to the owner.

Argued January 3d—decided February 9th, 1912.

ACTION in several counts to recover damages for assault and battery, and for trespass to personal property, brought to and tried by the Superior Court in Middlesex County, *Bennett, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Rollin U. Tyler,* for the appellant (plaintiff).

*Gustaf B. Carlson,* for the appellee (defendant).

THAYER, J. The complaint contained twelve counts, alleging various assaults and trespasses by the defendant upon the person and property of the plaintiff. The answer was a denial, and all the issues were found in favor of the defendant. The appeal relates to the rulings of the court upon the eighth count only, which alleged that "the defendant, with another man acting under his orders, wilfully and wantonly, with a crow-bar or axe, battered and smashed in the door and a window" of "a certain house or building" at which, it was alleged, the plaintiff was then residing and making her home, and assaulted her and seized some of her property and carried it away. All the allegations of the eighth count are found to be untrue, except as embraced in the following findings:—

The building in question is a storehouse, owned by the estate of John Carrier, of whose estate his widow, the mother of the plaintiff, is administratrix. The estate has been in settlement some twelve years, during which time, up to January 1st, 1909, the widow and the plaintiff and another daughter had occupied the family residence together. On that day the residence was destroyed by fire. A large part of the personal property therein, belonging to the estate of John Carrier and the widow and the plaintiff, was saved, and on the following day was placed for safe-keeping in the storehouse, which was then and has continued to be (except as hereafter stated) in the peaceable and exclusive possession of the widow, as administratrix, and she caused the building to be locked with a new padlock. After that date, the plaintiff and her mother continued to reside together with friends and in a tenement hired by the mother until about May 9th, 1909, when the plaintiff, without the knowledge or consent of her mother, took the key of the storehouse from the latter's possession, and by means thereof gained admittance to the storehouse, and thereafter, up to the date of the defendant's alleged trespasses, "occupied said storehouse, in part, as a trespasser or squatter," without her mother's consent. On the morning of the defendant's alleged trespass, the mother went to the storehouse for the purpose of taking therefrom certain property of her own and of the estate of John Carrier, and being unable to gain an entrance she went to the defendant, her son, and requested him to open the door, so that she might secure her property. The defendant thereupon forced the door to the storehouse, which had been barred by the plaintiff, and the plaintiff was found therein. The defendant did not enter the storehouse or assist in taking any property therefrom. Mrs. Carrier, the mother of the plaintiff and defendant, entered and took

certain property which belonged to her and to the estate. The damage done to the door in forcing it was nominal only.

The allegations that a personal assault was made upon the plaintiff, and that her silverware and crockery were taken and carried away, not being proven, nothing is left of the count in question except the allegation of the trespass upon the land. If the count is to be regarded as alleging a mere trespass to the land, aggravated by the assault and seizure of the personal property, the plaintiff was not entitled to recover; for the defendant, as he might do in such a case under a general denial (which was the answer to this count), proved title and right of possession in a third person (Mrs. Carrier), and that in what he did he was acting for her and under her direction. *Fowler* v. *Fowler,* 52 Conn. 254, 257, 258; *Waterbury Clock Co.* v. *Irion,* 71 Conn. 254, 259, 41 Atl. 827.

Counsel for the plaintiff makes no claim that if the complaint is to be so regarded she is entitled to recover. He claims that the complaint alleges a violation of the statute against forcible entry and detainer, and the question which he seeks to raise upon this appeal is, as stated in his brief, "whether the owner of a dwelling house, or the person who has the right of possession of the same, or his or her agent, may in Connecticut forcibly break into such dwelling-house when in the actual possession of another, even though that other be a trespasser or squatter, and destroy such occupant's peaceable possession of the same."

The statute against forcible entry and detainer (General Statutes, § 992) makes it unlawful for the owner, or one having the right of possession of land, to forcibly and with strong hand enter and dispossess a person who has the actual, peaceable possession of such land, although the latter has no right of possession; and

provides that the party aggrieved may recover treble damages, if it be found, on the trial of a complaint for forcible entry and detainer, that the defendant entered into the land with force, or, after entry, held the same by force. In an action for such an entry, brought upon this statute, the defendant cannot show title or right of possession in himself or a third party. *Bliss* v. *Bange*, 6 Conn. 78, 80. In *Larkin* v. *Avery*, 23 Conn. 304, the question whether a defendant, in an action of trespass for a forcible entry, not brought on the statute, may plead freehold, is discussed but not decided. If the owner violates the law in entering his ówn land with force and strong hand, to the injury of the possession of a hold-over tenant or trespasser whom the statute was made to protect, it would seem illogical to permit him to plead his title or right of possession in justification of the act.

The present action was not brought upon the statute. The plaintiff, having, as appears from the finding, no right of possession, was bound to allege and prove actual possession of the storehouse by her and a forcible entry by the defendant, who, acting for his mother who had the right of possession, had the right to so enter, unless the plaintiff's actual possession rendered his entry unlawful. She did neither. Her allegation is that she was residing and making her home at the building. This is not an allegation that she was in the actual possession of it. She might reside there, although the building was in the actual possession of her mother or other person. She might reside there and occupy only a part of the building. This, as the court finds, was the fact. But proof, without allegation of such fact, would not entitle her to recover, although the part occupied by her had been entered. But there is no allegation that the part of the building occupied by her was entered, and the finding does not show that

it was. Her allegation is that the building was forcibly entered by breaking the door. If she occupied only a portion of the building, such occupancy was not such an actual, exclusive possession of the building as to give her a cause of action, in the absence of proof that she was in possession of the whole, or that the part occupied by her was forcibly entered. Otherwise every resident at a hotel or boarding-house might have a cause of action, if an entrance to the building should be forced, although they were not thereby disturbed in their possession of their rooms.

It seems clear that the claim now made was not thought of when the complaint was drawn, and that the facts did not warrant the making of such a claim. The plaintiff, if in possession of the building, was not dispossessed. She could not therefore pursue a complaint for forcible entry and detainer or for forcible detainer under the statute, to restore her to possession. The forcing of the door was not to dispossess her, but, as found by the court, to obtain certain goods, not belonging to her, which were stored in the building. It does not appear that the defendant or his mother knew of the plaintiff's presence in the building, or that she claimed to be in possession of it, until the door was forced. An owner whose house has been entered during his temporary absence by a thief or other trespasser, and the door barred against him, is not bound to leave the trespasser in possession and to proceed against him in ejectment to regain possession. Such possession is not the actual possession which the statute against forcible entry and detainer protects. *Hodgkins* v. *Price*, 132 Mass. 196; *Bowers* v. *Cherokee Bob*, 45 Cal. 495. The plaintiff was bound to show that she had the actual possession which is protected by the statute. Unless this were shown, it would not appear that the defendant's acts were unlawful. Having

failed to show this, the judgment was properly against her.

There is no error.

In this opinion the other judges concurred.