## COMMUNITER BREAK COMPANY *v.* DONALD R. SCINTO
### (11689)

PETERS, C. J., HEALEY, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued April 11—decision released June 4, 1985

*Bruce L. Levin,* with whom, on the brief, was *Raymond E. Blank,* for the appellant (defendant).

*E. Stanton Kennedy,* for the appellee (plaintiff).

CALLAHAN, J. The plaintiff brought this forcible entry and detainer action pursuant to General Statutes § 47a-43 after the defendant, manager of the Bridgeport parking authority, forcibly removed and thereafter detained the plaintiff's coin operated video machines from leased areas located in the Bridgeport train station and Bridgeport bus terminal.[1] After a trial to the court, judgment was rendered for the plaintiff, and the defendant has appealed. The sole issue on appeal is whether the trial court erred in finding that, for the purposes of the forcible entry and detainer statute, the plaintiff had actual possession of the demised premises. We find no error.

An examination of the record reveals that on or about November 17, 1981, the plaintiff and the city of Bridge-

---

[1] The plaintiff commenced two separate actions against the defendant, one based on the removal of the video machines located in the train station, and the other based on the removal of the video machines located in the bus terminal. The actions were consolidated at trial.

port parking authority executed two documents by which the plaintiff leased forty-eight square feet in both the Bridgeport train station and the Bridgeport bus terminal. Each document described the exact location of the square footage in the leased premises and defined the use to be "the operation by the public of four (4) coin operated video machines." These documents were duly recorded in the Bridgeport town clerk's office.[2]

The plaintiff constructed wooden enclosures around the video machines in both locations. These enclosures consisted of two sides, a roof, and electrical wiring. In addition, the enclosure in the train station had a sign placed over it reading "Commuter Break." A roll-down security gate was installed by the plaintiff at the bus station enclosure.

The video machines remained on the demised premises from December 10, 1981, until May 7, 1982. During this period, the plaintiff made monthly rental payments to the defendant for the use of these designated areas. On the latter date, while the plaintiff was present, the defendant had the video machines removed from the railroad station by two armed police officers and two parking commission employees. The machines were placed in a locked storage room and detained by the defendant. The video machines located in the bus terminal were removed on the same day and were locked in the cashier's office. The plaintiff was not on those premises at the time.

The right of action for forcible entry and detainer is a creature of statute. *Harbor View Building Corporation* v. *Baron,* 10 Conn. Sup. 100, 101 (1941). General Statutes § 47a-43 provides in relevant part: "(a) When any person . . . (3) enters into any land, tene-

[2] The validity of these two leases is being challenged by the defendants in a separate proceeding. The trial judge properly found that their legitimacy was irrelevant to this action. See *Carrier* v. *Carrier,* 85 Conn. 203, 206–207, 82 A. 187 (1912).

ment or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor . . . the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the superior court."[3] A plaintiff suing under the forcible entry and detainer statute must prove his *actual* possession of the land or property from which he claims to have been dispossessed. *Carrier* v. *Carrier,* 85 Conn. 203, 207, 82 A. 187 (1912); *Bell* v. *Raymond,* 18 Conn. 91, 100 (1846). The defendant does not challenge the trial court's finding that his entry at the train station was by force. Nor does the defendant challenge the finding that his detainer of the video machines at the bus terminal was by force. Rather, he contends that the trial court's conclusion that the plaintiff was in actual possession of the demised areas is clearly erroneous. We disagree.

---

[3] "[General Statutes] Sec. 47a-43. (Formerly Sec. 52-462). COMPLAINT AND PROCEDURE: FORCIBLE ENTRY AND DETAINER; ENTRY AND DETAINER. (a) When any person (1) makes forcible entry into any land, tenement or dwelling unit and with a strong hand detains the same or (2) having made a peaceable entry, without the consent of the actual possessor, holds and detains the same with force and strong hand or (3) enters into any land, tenement or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor, or (4) when the party put out of possession would be required to cause damage to the premises or commit a breach of the peace in order to regain possession, the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the superior court.

"(b) Such judge shall forthwith issue a summons to the party complained of, directed to some proper officer, to notify him to appear at a specified time and place, within eight days from the exhibition of such complaint, in the superior court for the judicial district wherein the injury complained of was done, to answer to the matters contained in the complaint.

"(c) Such summons shall be served upon the party complained of six days inclusive before the day appointed for trial.

"(d) If, after service of such summons, the party complained of does not appear and defend, The judge shall proceed in the same manner as if he were present."

The question of whether the plaintiff was in actual possession at the time of the defendant's entry is one for the trier of fact. *Gray* v. *Finch,* 23 Conn. 495, 513–14 (1855). Generally, the inquiry is whether the individual has exercised the dominion and control that owners of like property usually exercise. 35 Am. Jur. 2d, Forcible Entry and Detainer § 15; see *Hancock* v. *Finch,* 126 Conn. 121, 123, 9 A.2d 811 (1939). Although the defendant argues otherwise, it is not necessary that there be a continuous personal presence on the land by the person maintaining the action. There, however, must be exercised at least some actual physical control, with the intent and apparent purpose of asserting dominion. 35 Am. Jur. 2d, supra, § 14.

The evidence before the trial judge included leases and accompanying documentation and testimony which described the wooden enclosures built around the machines, the roll-down security gate at the bus terminal and the "Commuter Break" sign at the train station. In its totality, this evidence warranted the court's finding that the plaintiff exercised sufficient dominion and control to constitute actual possession of the premises.

There is no error.

In this opinion the other judges concurred.