FERDIE CATROPA *v.* CHRIS BARGAS ET AL.
(6468)

BORDEN, O'CONNELL and STOUGHTON, Js.

Argued November 1, 1988—decision released January 3, 1989

*David J. McDonald,* for the appellants (defendants).

*George Ganim, Jr.,* for the appellee (plaintiff).

STOUGHTON, J. This is an appeal by the defendants from a judgment for the plaintiff in an action for entry and detainer brought pursuant to General Statutes § 47a-43.[1] We find error.

The plaintiff alleged that the defendants, having made a peaceable entry, without the consent of the actual possessor, held and detained with strong hand the professional golf shop at the Oronoque Village Golf and Country Club, of which he was a tenant with exclusive control and occupancy, operating his business of a professional golf shop. He alleged further that the defendants continued unlawfully to prevent him from using the premises, having changed the locks, and that he did not intend to give up possession of the premises or of his personal property. He requested a writ

---

[1] General Statutes § 47a-43. (Formerly § 52-462) provides: "COMPLAINT AND PROCEDURE: FORCIBLE ENTRY AND DETAINER; ENTRY AND DETAINER. (a) When any person (1) makes forcible entry into any land, tenement or dwelling unit and with a strong hand detains the same or (2) having made a peaceable entry, without the consent of the actual possessor, holds and detains the same with force and strong hand or (3) enters into any land, tenement or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor, or (4) when the party put out of possession would be required to cause damage to the premises or commit a breach of the peace in order to regain possession, the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the superior court."

of restitution and other relief. The defendants alleged by way of special defense that the plaintiff was never a tenant, that he was an at-will employee, and that he had been discharged and was not entitled to remain at the shop thereafter.

In their appeal from the judgment for the plaintiff, the essential claim of the defendants is that the court erred in finding that the plaintiff was in actual possession of the premises.

The court found the following facts. The defendants own and manage Oronoque Village Golf and Country Club, a private golf course complex in Stratford which is a part of a condominium development. On the first floor of the club house is a golf pro shop which is separated from the locker rooms and business office.

The court further found that in February, 1987, the plaintiff sought the position of golf pro at Oronoque. He was hired pursuant to an oral agreement as an at-will employee. The employment was to commence on March 1, 1987, and was to end on December 1, 1987, if not sooner terminated. The plaintiff was to receive $10,000, payable at the rate of $200 per week during his employment. The plaintiff was to perform the normal teaching duties of a golf pro, arrange tournaments and oversee the locker rooms and driving range. As additional compensation, he was permitted to retain all fees earned from storage of equipment for members and from golf lessons. He was to reestablish, at his own risk, the pro shop which had formerly been operated in the club house. He was to assign starting times, collect greens fees and rent golf carts. He was permitted to retain a portion of the golf cart rental fees, and he was to keep all profits from sale of merchandise and equipment that he provided.

The court also found that on March 1, 1987, the plaintiff began his duties. He purchased merchandise, equip-

ment and display racks, and obtained a user tax number. With the defendants' permission, he changed the lock on the entry door. He had a telephone installed in the pro shop and paid the telephone bills. He hired sales people, and he ran the pro shop as any other small retailer might run his business. The defendants had no key to the pro shop and were able to enter only during business hours. The defendants exercised no control over the floor space of the pro shop except that they required that the premises be used to sell golf-related merchandise and equipment.

The court found, furthermore, that on May 13, 1987, the defendants terminated the plaintiff's employment. Without consent from the plaintiff, the defendants had the plaintiff's merchandise and equipment removed from the pro shop and they had the lock on the entry door changed. They ordered the plaintiff off the premises and threatened him with arrest should he return.

The defendants agree that the merchandise and equipment that they removed from the pro shop belongs to the plaintiff and that he may collect it at any reasonable time.

We first consider whether this appeal is moot. Although neither party raised this claim, the plaintiff was hired only until December 1, 1987, at the latest. The agreement provided that his employment might be terminated before that, as indeed it was. It would seem that if the plaintiff had any right of possession at all, it could not extend beyond December 1, 1987. The parties claim, however, that whether the plaintiff is entitled to damages depends upon whether or not he was entitled to possession, and that this must be decided in this action. Accordingly, we address the defendants' claim.

From the facts found, the trial court concluded that the plaintiff had actual peaceful possession of the golf

pro shop on May 13, 1987. Although the trial court concluded that the plaintiff operated the pro shop as any other small retailer might run a business and that the overall control claimed by the defendants was no more than any landlord might reserve when renting a retail store, it explicitly made no finding regarding the existence of a landlord-tenant relationship between the parties. It found that the plaintiff obtained possession of the pro shop pursuant to his oral agreement with one of the defendants and that it appeared that the possession may have been an incident of his employment. Finally, it concluded that the defendants, after having made peaceful entry into the golf pro shop, albeit without the plaintiff's consent, held and detained the premises so that the plaintiff would have had to commit a breach of peace to regain possession. It then rendered judgment that the plaintiff be restored to and reseized of the premises.

The process of entry and detainer is in its nature an action by which one in the possession and enjoyment of any land, tenement or dwelling unit, who has been deprived of it, may be restored to the possession and enjoyment of that property. For a plaintiff to prevail, it must be shown that he was in actual possession at the time of the defendant's entry. *Berlingo* v. *Sterling Ocean House, Inc.,* 203 Conn. 103, 108, 523 A.2d 888 (1987). The question of whether the plaintiff was in actual possession at the time of the defendants' entry is one for the trier of fact. *Communiter Break Co.* v. *Scinto,* 196 Conn. 390, 394, 493 A.2d 182 (1985). Generally, the inquiry is whether the one claiming actual possession has exercised the dominion and control that owners of like property usually exercise, although it is not necessary to show a continuous personal presence on the land. Id., 394.

Where the legal conclusions of the trial court are challenged, we must determine whether they are legally

and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the trial court's decision is challenged, we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. *Pandolphe's Auto Parts* v. *Manchester,* 181 Conn. 217, 222–23, 435 A.2d 24 (1980).

We agree with the defendants that the conclusion that the plaintiff was in actual possession of the premises is not supported by the facts found. On the facts of this case, the plaintiff never had a right to possession of the golf pro shop that entitled him to maintain his action for forcible entry and detainer. He had not leased the premises. He paid his own telephone bills and bought his own equipment, but he had never paid rent. He claims that his oral agreement with the defendants was in reality two agreements, one an employment agreement and the other a lease. We find no support in the facts for the claim that there was a lease, and the trial court did not find that there was one. The plaintiff was not a tenant at all, and whatever right he had to use the golf pro shop premises was an incident to his at-will employment as the golf pro. The plaintiff makes no claim that his employment was improperly terminated. Once the employment came to an end, so did whatever right to possession existed as incident to that employment.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.