[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was brought under the entry and detainer statute, General Statutes Section 47a-43, by the plaintiff for dispossession from an easement. The original complaint alleged a forcible entry and a detention by a strong hand. General Statutes Section 47a-43 (1). At the trial, the court permitted a revised complaint to be filed. The revised complaint alleged an entry onto land which the plaintiff, as the ousted party, would be required to damage or to commit a breach of the peace in order to regain possession. Id. Section 47a-43 (4).
 I.
Upon the trial, the facts set forth below have been found.
The plaintiff owns and resides at 15 Edgehill Avenue, Waterbury. The deed to her property describes it in the following terms:
 a certain piece or parcel of land situated in the Town of Waterbury on the southerly side of Edgehill Avenue, being shown as Lot #19 on Map of Land of Est. of Adam Faber, Waterbury, Conn. A.J. Patton, Surveyor, July 1909, Map Book 2, Page 21, bounded and described as follows:
Northerly 60 feet on Edgehill Avenue
Easterly 125 feet on Lots Nos. 20 and 21
Southerly 60 feet on Lot No. 25
Westerly 125 feet on Lot No. 18
 Together with a right of way, in common with others, from the above described parcel to Lone Oak Ave. over the most westerly 10 feet of Lot 25 adjoining the above described parcel on the south.
The plaintiff and her former husband, Thomas Spagnoletti, purchased the premises from E. Frank Gilbert and Francis W. CT Page 1952 Gilbert on June 5, 1972. The warranty deed for such purchase was recorded in volume 1042 at page 179 of the Waterbury Land Records. On June 27, 1983, Thomas Spagnoletti, by a quit claim deed containing the same description, conveyed his interest in the premises to the plaintiff. The quit claim deed was recorded in volume 1628 at page 118 of the Waterbury Land Records.
Until his death, Thomas Spagnoletti owned Lot No. 25 which was sold by his administratrix to Joseph M. Caiazzo on March 11, 1987. Joseph M. Caiazzo built a house on Lot No. 25 which he sold to the defendants on August 19, 1988. The warranty deed from Caiazzo to the defendants, recorded in volume 2344 at page 155 of the Waterbury Land Records gives the following description of Lot No. 25.
 A certain piece or parcel of land, situated in the Town of Waterbury, County of New Haven and State of Connecticut, on the northerly side of Lone Oak Avenue, being shown as Lot #25 on map of land of Adam Faber, Waterbury, Conn. A.J. Patton, Surveyor, July, 1909, Map Book 2, Page 21, bounded and described as follows:
Northerly: 60 feet on Lot #19
Easterly: 125 feet on Lot #24
 Southerly: 60 feet on Lone Oak Avenue, and
Westerly: 125 feet on Lot #26
 Being the same premises conveyed to Joseph M. Caiazzo by Joyce Spagnoletti, Administratrix of the Estate of Thomas Spagnoletti by Administratrix' Deed dated March 11, 1987, recorded March 24, 187 in Volume 2048, Page 39 of the Waterbury Land Records. Said premises are free and clear of all encumbrances except as follows:
 1. Right of Way: from Lot #19 to Lone Oak Avenue over the most westerly 10 feet of the premises as granted by E. Frank Gilbert and Francis G. Gilbert to Thomas Spagnoletti and Rose Ann Spagnoletti in a Warranty Deed dated CT Page 1953 June 5, 1972 and recorded June 20, 1972 in Volume 1042, Page 179 of the Waterbury Land Records.
The subject of the dispute concerns the right of way as it is described in the deeds of both the plaintiff and the defendants.
Edgehill Avenue, on which the plaintiff's house faces, and Lone Oak Avenue, on which the defendants' house is located, run parallel to each other. Behind the plaintiff's house is a one-car garage that fronts perpendicularly to both streets. Adjacent to the door of the garage is a black topped parking area. There is no driveway and there never has been one to the plaintiff's garage from Edgehill Avenue. For vehicular access to the garage, the right of way over the defendants' property from Lone Oak Avenue must be used. The plaintiff has been driving an automobile for twenty-seven years. She had rented her garage to the owners of vehicles. Until construction commenced for the defendants' house, the plaintiff and her lessees had always driven on the right of way.
In addition to the notice provided by their deeds of conveyance, the defendants and Caiazzo had actual awareness of the right of way. At trial, the defense seemed to be that they did not know that the right of way was subjected to vehicular use. On this issue, conflicting evidence was submitted. According to the plaintiff, the right of way was paved with asphalt when Caiazzo started to construct the defendants' house. Caiazzo stated that there was asphalt at the intersection of the right of way with Lone Oak Avenue and for four or five feet in from that street. Andreas Kouromithelakis, the defendants' son, testified that the right of way was unpaved and had a surface of stones and sand. It may be that over the years the paving had been allowed to deteriorate. From the plaintiff's testimony, however, the court concludes that the use of the right of way for vehicular traffic was open and obvious at the time when construction of the defendants' house began.
During the construction, a dumpster was placed across the right of way. When the plaintiff inquired about this blockage, she was informed that the disruption of her use would only be temporary. The topography of the land is uphill from Edgehill Avenue to Lone Oak Avenue. Caiazzo had to bring fill into the defendants' houselot. In grading the lot, its height was raised. As finished, the defendants property has part of an asphalt driveway and a strip of gravel covering a portion of the right of way from Lone Oak Avenue to a point in their backyard. From the end of the gravel strip and asphalt driveway, the right of way together with the rest of the defendants' backyard has been planted with grass and extends downhill to the plaintiffs' CT Page 1954 property line. On one occasion, the plaintiff complained to the defendants about the changed conditions.
Other than the increased grade and the planting of grass, there have been no physical attempts to stop the plaintiff from driving on the right of way. That portion of the defendants' lawn, however, would be greatly damaged by the passage of vehicles. The last occupant of the plaintiff's garage, an owner of a motorcycle, terminated his lease because of the changed conditions. And the plaintiff's nephew, when using the right of way to deliver woodchips for her to spread along the property line, became stuck in attempting to drive his vehicle back to Lone Oak Avenue. From the time in 1988 when construction of the defendants' house was started until the present, the plaintiff has been forced to park her car on Edgehill Avenue because her garage and adjacent parking area are inaccessible.
 II.
The defendant were summoned to appear in court pursuant to the order of Judge Langenbach which was issued pursuant to the provisions of General Statutes Section 47a-43 (b). More than two weeks after the trial, the defendants requested permission to file an answer denying the plaintiff's claims and a special defense alleging (1) that the plaintiff's action was time-barred by General Statutes Section 52-589 and (2) that the defendants did not own their land at the time when the entry was made. The court denied the defendants' request for the reasons hereinafter set forth.
 III. A.
General Statutes Section 52-589 provides that "no complaint for a forcible entry and detainer shall be brought but within six months after the entry complained of." At the outset, the court should explain why it denied the defendants permission to file their answer and special defense.
Entry and detainer actions presuppose a denial of a plaintiffs' claims. If the party summoned does not appear, the court is required to proceed in the same manner as if he were present. General Statutes Section 47a-43 (d). Stated another way, a plaintiff in an entry and detainer action is required to produce evidence notwithstanding a non-appearance by a defendant. In this case, the defendants appeared and contested the plaintiff's claim without any mention of the six month statute of limitation. "The general rule is that where the right of action exists independently of the statute in which the limitation is found, CT Page 1955 [the] statutory bar is considered personal and procedural and it is deemed waived unless it is specially pleaded." Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 445-46 (1988); see State v. Littlejohn, 199 Conn. 631, 640-41 (1986). In such a situation, the court may not raise the statute of limitation sua sponte. Travelers Indemnity Co. v. Rubin, supra at 446. An application of the general rule is especially cogent here since the plaintiff, in addition to her entry and detainer claim, also proved a common law action for the interruption of an easement. See American Brass Co. v. Serra, 104 Conn. 130, 145 (1926). The appropriate period of limitation for the common law action is fifteen years. General Statutes Section 47-37.
In so far as the second aspect of the defendants' requested special defense is concerned, Caiazzo, as their witness, testified on cross examination that he was under contract with them when he built their house. The defendants did not attempt to contradict Caiazzo's testimony in any way. The court, therefore, concludes that the defendants had an equitable interest in their present property when actions affecting the plaintiff's right of way were begun. Moreover, the ownership of the defendants' property at the time that the entry was made is immaterial to the plaintiff's cause of action under Section 47a-43 (a)(4).
 B.
A party suing under the entry and detainer statute must prove actual possession of the land from which he claims to have been dispossessed. Communiter Break Co. v. Scinto, 196 Conn. 390, 3 92 (1985); see Berlingo v. Sterling Oyster House, Inc., 203 Conn. 103,108 (1987). To prove possession, it was unnecessary for the plaintiff to show a continuous personal presence. All that was required is that the plaintiff demonstrate some actual physical control with the intent and apparent purpose of asserting dominion. Communiter Break Co. v. Scinto, supra at 394.
The right of way was an easement established by deed as appurtenant to the plaintiff's land. Kelly v. Ivler, 187 Conn. 31,42 (1982). A grant of a right of way in general terms is to be construed as broad enough to permit any use that is reasonably connected with the reasonable use of the dominant tenement. Birdsey v. Kosienski, 140 Conn. 403, 413 (1953); American Brass Co., v. Serra, supra at 142. Whether the plaintiff was in actual possession of the easement presented a question of fact. The pertinent inquiry is whether she exercised the dominion and control that owners of similar properties usually exercise. Communiter Break Co. v. Scinto, supra at 394. On the facts of this case, the court holds that appropriate dominion and control were shown. CT Page 1956
Under subsection (4) of Section 47a-43, the plaintiff, after showing former possession, only had to establish that possession for the passage of vehicles could not be regained without causing damage to the right of way. Bourque v. Morris, 190 Conn. 364, 366
(1983). Again the facts of this case which have been derived from testimony, deeds and photographs demonstrate that the plaintiff has fulfilled her burden of proof.
 C.
In order to restore the plaintiff to her rights, the court, acting pursuant to General Statutes Section 47a-45a, issues the following writ of restitution:
 As owners of the servient tenement, the defendants are ordered to reduce the grade of the right of way in the rear of their premises so that vehicles will be able to pass safely thereon between Lone Oak Avenue and the asphalt area in front of the plaintiff's garage. And further, the defendants are ordered to provide a surface on the right of way that will be appropriate for such vehicular use. All work is to be completed by July 1, 1991.
With respect to damages, the plaintiff, in this proceeding, did not prove that the two lessees for her garage were more than month-to-month tenants. Damages, if sought, may be recovered in a separate action. Brewer v. Fathergill, 30 Conn. Sup. 607, 609
(1973). Accordingly, the judgment herein is limited to the writ of restitution and taxable costs in this action.
BARNETT, J.