[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In her complaint plaintiff alleges that defendant committed an illegal entry and detainer, in violation of General Statutes 47a-43, by reason of defendant having CT Page 9974 changed the lock to plaintiff's apartment and removing and disposing of her personal belongings. While plaintiff has filed a seven count complaint alleging various theories of recovery based on the same factual allegations, the initial hearing in this matter was limited to the question of whether defendant's conduct constituted an illegal entry and detainer. For the reasons set forth below the court concludes that defendant violated General Statutes 47a-43.
In April, 1992, the parties entered into an oral lease of a unit consisting of a bedroom and bath located in the carriage house on defendant's property. The agreed upon rent was three hundred dollars per month paid through a voucher issued by the City of Hartford Department of Social Services. Defendant reluctantly agreed to rent this unit at the request of his friend who was an employee of a shelter where plaintiff was temporarily residing. Initially plaintiff was to have rented a room in the main house, but because of a fire and damage to the property the only available space was in the carriage house.
Defendant is a mortician and owner of a funeral home in Hartford. The first floor of the carriage house contains the refrigeration equipment used by defendant in his business. Above is the unit rented to the plaintiff. Over the past few years plaintiff has courageously endured difficult psychiatric and personal problems which from time to time have required her to be hospitalized. After moving into the unit in April 1992, plaintiff assisted defendant in his business, helping him with mundane chores as well as preparation of the bodies for burial. Over the next two months plaintiff's condition gradually deteriorated requiring her hospitalization in June. After her discharge from the hospital in early July plaintiff returned to her apartment and remained there for approximately five days. She soon suffered a relapse which resulted in an attempted suicide, and was readmitted to the hospital where she remained for a period of nine days. While in the hospital plaintiff was informed by defendant that he insisted on receiving a security deposit for the unit, and would not permit her to return unless that deposit was paid. Upon her discharge in mid-July, plaintiff returned to the carriage house to find that her locks had been changed and all of her belongings removed from the apartment. She questioned defendant about the lockout and was told by him that on advice on an unnamed CT Page 9975 police officer he was authorized to remove and dispose of her belongings. Plaintiff returned to the premises the next day only to find some of her belongings in the garbage and soaked by the rain. All of plaintiff's worldly possessions, including jewelry, clothes and personal and sentimental mementos were gone.
The defendant does not deny that he disposed of plaintiff's property. He insists, however, that he did not change the locks to her apartment and did not remove her belongings from the apartment, but rather from the cellar, where he claims plaintiff stored them after vacating the apartment. Defendant also insists that he was advised by a police officer that he was authorized to dispose of plaintiff's property.
"The process of forcible entry and detainer by our statutes, is in its nature an action by which one in the possession and enjoyment of any land, tenement or dwelling unit, and who has been forcibly deprived of it, may be restored to the possession and enjoyment of that property. This process is for the purpose of restoring one to a possession which has been kept from him by force. For a plaintiff to prevail, it must be shown that he was in actual possession at the time of defendant's entry. Section 47a-43
was `made to protect a person in such possession . . . from disturbance by any but lawful and orderly means." Berlingo v. Sterling Ocean House, Inc., 203 Conn. 103, 108 (1987).
The evidence presented clearly demonstrates that plaintiff was lawfully in possession of the unit at the time of the lockout. There is no evidence to suggest that she abandoned the unit, or in any way communicated her intention to forsake her right to possession. "[I]t is not necessary that there be a continuous personal presence on the land by the person maintaining the action. There, however, must be exercised at least some act of physical control, with the intent and purpose of asserting dominion.," Communiter Breck Co. v. Scinto, 196 Conn. 390, 394 (1985). Plaintiff has sustained this burden. The actions of the defendant, which consisted of changing the lock on the apartment door, removing her belongings and disposing of them in the garbage, constitute an unmistakable violation of 47a-43. Indeed, the acts of defendant are precisely those which the entry and detainer statute are designed to protect against. Id. CT Page 9976
Defendant's response is to deny the factual allegations and, alternatively, to admit that he disposed of the property, but upon advice of a police officer. Neither claim has merit. With respect to defendant's version of the facts, the court credits the testimony of the plaintiff. Evaluation of the credibility of witnesses is left to the sound discretion of the court. Robert Weiss Co. v. Mullins, 196 Conn. 614 (1985). Finally, defendant's reliance on the advice of the police officer is unavailing. Defendant violated the entry and detainer statute; he cannot now hide behind an officer's erroneous interpretation of the law as a defense. Accordingly, the court finds, pursuant to General Statutes 46a-45a, that the property of plaintiff has been unlawfully detained, damaged and removed. The matter shall be continued for a hearing in damages.
SO ORDERED.
Robert L. Holzberg, J.