[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Statement of the Case
This is an entry and detainer action filed pursuant to § 47a-43 et seq. of the General Statutes. The plaintiff, Cottman Transmission Systems, Inc., franchises transmission repair centers by giving licenses to use Cottman trade marks and systems. Cottman entered into such a license agreement with J.J. Russco Corporation ("Russco") under which Russco operated transmission repair business. The business was operated at 301, 309-323 North Avenue and 191 Front Street, Bridgeport, Connecticut. Russco leased this property from Albert Waiken.
A rider to the lease gave Cottman a conditional assignment of the lease.[1] Under this conditional assignment, upon termination of the license agreement, Cottman would have twenty days to exercise its option to assume the lease. Additionally, the lease rider gave the plaintiff the right to cure any defaults made by Russco under the lease and to be replaced as the lessee. Under this provision of the lease rider, the lessor, Waiken, was required to notify Cottman about any defaults by Russco, and Cottman would then have twenty days to cure the defaults and assume the lease.[2]
In a letter dated July 3, 1996, Waiken's attorney, Anthony Copertino, contacted the plaintiff. In this letter, Attorney Copertino advised the plaintiff that a sale of the property to defendant Hocap Corp. was imminent. He also indicated that the property had been abandoned by Russco and that Russco had been responded to Copertino's letter by advising him that Russco had not abandoned the property, and in any event, the landlord could not assume control over the premises without recognizing Cottman's rights under the lease, especially Cottman's right to receive notice of any default by Russco in order for plaintiff to consider whether to cure the default and assume the lessee's obligations. CT Page 6229
The property was subsequently transferred to Hocap in October 1996. In a letter dated November 5, 1996, Hocap notified Cottman that Russco had defaulted under the lease in three ways: by failing to pay the rent due on October 15, 1996; by failing to provide evidence of liability insurance; and by deserting the premises as of October 31, 1996. The parties agree that as a result of this notice and in accordance with the lease, Cottman had 20 days or until November 27, 1996 to cure the defaults and assume the lease.
After Hocap's November 5, 1997 notice of default, the parties' attorneys had numerous communications, and, as a briefly described below, the parties took various actions regarding the property. The plaintiff, however, never cured the defaults asserted in Hocap's default notice.
Russco's president David Russell, testified that in early November 1996, Hocap's agents directed him to leave the premises and Hocap took control of the building. Later that month, the plaintiff arranged for another operator, Joe Josko, to inspect the premises and assume daily operation of the business. Josko could not immediately gain access to the premises because Hocap had changed the locks and was in control of the building. He gained access to the building on November 25, 1997. Josko observed that Hocap had removed Russco's equipment and furniture from the building, had tom down walls, and had eliminated the offices and bathrooms. A small bulldozer had been brought into and was being parked inside the building. Josko testified that as a result of Hocap's actions, the premises could not be used was a transmission repair business without renovations and repairs to correct the changes made by Hocap. Hocap has offered explanations about why it took these actions, but the record before the court fails to provide any legal or factual basis to support Hocap's claim that it was entitled to control and alter the premises.
Hocap alleges that the changes were necessary to prepare the area for environmental clean up efforts. The court finds this explanation to be factually pretextual and legally deficient. There was no indication that these "clean up" efforts (allegedly costing over $100,000) were going to start in the near future. Further, Hocap has failed to explain satisfactorily why these actions took place before November 27 without the permission of either Russco or the plaintiff, especially when the plaintiff unquestionably retained the right to cure the default and assume the lease until that time. Although there were days when the CT Page 6230 business was not operating at the site, it is clear that the plaintiff, as well as Russco, desired and intended to continue their possession of the premises and fully resume the business activities, either through Russco's efforts or through some other operator. They neither abandoned, nor intended to abandon the property. Hocap cannot fault Cottman for failing to cure the defaults and assume the lease obligations in the face of Hocap's own anticipatory breach which destroyed the object of the agreement itself.
In a letter dated November 21, 1996, the plaintiff mailed a notice to David Russell, advising Russell that the franchise license agreement had been breached because of Russco's failure to operate the business for five consecutive business days. This notice made termination of the license agreement effective on November 26, 1996, and in accordance with Section 1 of the lease rider, the plaintiff had the right to assume the lease anytime within 20 days thereafter. However, the plaintiff did not notify Hocap of the November 21, 1996 letter terminating the license agreement, or advise Hocap that it was assuming the lease based on any such termination. In the absence of such notice, the court rejects the plaintiff's argument that as a result of the letter terminating the license agreement, the plaintiff acquired an assignment of the lease on November 27, 1996. Section 7 of the lease rider provides that written notice of termination of the license agreement should be given to the landlord.[3]
Furthermore, even as late as November 26, 1997, plaintiff's counsel, Tagtmeier, was seeking an extension of the November 27, 1996 deadline date for plaintiff to cure Russco's defaults in order to assume the lease; he did not claim that as a result of a termination of the license agreement, the option to assume the lease had been exercised.
Discussion
The cause of action for forcible entry and detainer is a creature of statute and is in derogation of common law. Therefore, the statute must be strictly followed and narrowly construed. See Thomas v. Lenhart, 38 Conn. Sup. 1, 444 A.2d 246
(1982). The nature of the action is to provide a summary procedure whereby a person in possession and enjoyment of land, and who has been forcibly removed from it, may be restored to possession. The legal right to possession is a relevant, but not the controlling issue, since the purpose of the statute is to protect peaceable possession of property from disturbance except CT Page 6231 by lawful and orderly means, even if the possessor is a trespasser. See Berlingo v. Sterling Ocean House, Inc.,203 Conn. 103, 523 A.2d 888 (1987). Thus, in order to prevail under the forcible entry and detainer statute a plaintiff must "prove hisactual possession of the land or property from which he claims to have been dispossessed." Communiter Break Co. v. Scinto,196 Conn. 390, 393, 493 A.2d 182 (1985) (Emphasis in original).
To support its claim that it physically possessed the property, the plaintiff maintains that well into November 1996 it was arranging to sell the franchise, attempting to show the property, and maintaining to telephone service and advertisements for the business. The plaintiff's trade name was on the building and plaintiff installed some of the leasehold improvements. These facts however, evidence the plaintiff's interest in and activities concerning the property, but they do not establish the plaintiff's actual possession of the property.
The court finds that the plaintiff had a legal right to possess the property, but did not obtain actual physical possession of the property. More specifically, as a result of the notice of default, the plaintiff had the option to assume the lessee's responsibilities and to take possession of the premises. However, before the plaintiff could exercise its option rights and acquire possession of the property, Hocap displaced Russco and took control of the premises, as evidenced by the need of Josko, the plaintiff's agent, to acquire Hocap's permission and assistance in order for him to see the property.
Russco was in possession of the premises and was displaced by the defendant apparently without legal process. However, Russco is not a party to this action. Contrary to the plaintiff's contention, the franchisor-franchisee relationship between the plaintiff and Russco does not make Russco an agent of the plaintiff so that the plaintiff may maintain a forcible entry and detainer action based on Russco's dispossession.[4] See generally, 35 Am.Jur.2d, Forcible Entry and Detainer, §§ 20-24.
In summary, the cause of action created under Connecticut's forcible entry and detainer statute is very narrow. Relief is available only when a plaintiff is in actual physical possession of the property and has been forcibly removed by a defendant's actions. The statute must be strictly construed and plaintiff has failed to establish possession of the property in order to acquire the relief requested.[5] The plaintiff has other CT Page 6232 remedies available to it for any claims that defendant breached the lease agreement or unlawfully holds possession of the property.
Conclusion
Accordingly, judgment enters in favor of the defendant and the application for injunctive relief in the form of an order of ejectment and possession is hereby denied.
Stevens, J.