CHERYL BARSZCK ET AL. *v.* ALBERT J. SOLNIT,
COMMISSIONER OF MENTAL HEALTH AND
ADDICTION SERVICES, ET AL.
(AC 16167)

LOUIS FULINELLO *v.* ALBERT J. SOLNIT,
COMMISSIONER OF MENTAL HEALTH
AND ADDICTION SERVICES, ET AL.
(AC 16286)

CHERYL BARSZCK *v.* ALBERT J. SOLNIT,
COMMISSIONER OF MENTAL HEALTH
AND ADDICTION SERVICES, ET AL.
(AC 16290)

O'Connell, Landau and Hennessy, Js.

Argued June 3—officially released August 5, 1997

*Heidi G. Winslow*, for the appellants (plaintiffs).

*Peter L. Brown*, assistant attorney general, with whom were *Paul K. Pernerewski*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, and *Richard J. Lynch*, assistant attorney general, for the appellees (defendants).

*Opinion*

HENNESSY, J. The plaintiffs[1] appeal from the judgments of the trial court granting the defendants'[2] motion to dismiss the plaintiffs' claim for injunctive relief in the first case and denying the plaintiffs' requests for writs of restitution in the second and third cases.[3] On appeal, the plaintiffs claim that the trial court improperly (1) dismissed their claim for injunctive relief by concluding that their claim was moot and that they had failed to exhaust their administrative remedies under their respective collective bargaining agreements and (2) denied their requests for writs of restitution claiming forcible entry and detainer by finding that they had voluntarily surrendered possession of their dwelling units. We affirm the judgments of the trial court.

The record reveals the following facts. At the time of the hearing on the claim for an injunction, the plaintiffs

---

[1] The plaintiffs named in this consolidated appeal are Cheryl Barszck, Rodney Mailloux, Helen Hogan and Louis Fulinello.

[2] The defendants named are Albert Solnit, commissioner of mental health and addiction services, Reginald Jones, secretary of the office of policy and management, and Ted Anson, commissioner of public works.

[3] This court granted the defendants' motion to have the three appeals consolidated.

were employees of the state department of mental health and addiction services. They resided in "state housing," two residence halls on the grounds of the former Fairfield Hills State Hospital in Newtown. In June, 1996, each of the plaintiffs received a letter from the commissioner of mental health and addiction services directing them to vacate their housing by July 13, 1996. The letter also stated that anyone remaining in their housing after that date would be dismissed from their jobs and the utilities to their residences would be shut off.

The plaintiffs thereafter filed an action seeking a temporary and permanent injunction to restrain the defendants from (1) shutting off or threatening to shut off the utilities, (2) terminating or threatening to terminate the plaintiffs' employment if they did not vacate the premises, and (3) evicting the plaintiffs from the premises by any means other than summary process. The trial court denied the plaintiffs' application for injunctive relief. All of the plaintiffs subsequently moved out of the residence halls. They then filed an appeal to this court from the trial court's denial of their application.

On July 30, 1996, two of the plaintiffs, Cheryl Barszck and Louis Fulinello, filed separate actions claiming an unlawful entry and detainer and seeking writs of restitution restoring them to possession of the dwelling units. After a hearing, the trial court denied both writs. The plaintiffs also appeal from this denial.

The plaintiffs first claim that the trial court improperly denied their injunction application. Before we review this claim, however, we must first determine whether it is now moot because all the plaintiffs have moved out of the state residences.

"Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence

of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Citations omitted; internal quotation marks omitted.) *Ayala* v. *Smith*, 236 Conn. 89, 93, 671 A.2d 345 (1996).

It is undisputed that none of the plaintiffs still resides in the state residence halls. It is, therefore, clear that the injunctive relief the plaintiffs seek would have no practical effect. The plaintiffs argue, however, that this claim qualifies for review under the "capable of repetition yet evading review" exception. "Our cases reveal that for an otherwise moot question to qualify for review under the 'capable of repetition, yet evading review' exception, it must meet three requirements. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." *Loisel* v. *Rowe*, 233 Conn. 370, 382–83, 660 A.2d 323 (1995).

In the present case, we find that the challenged action, the trial court's dismissal of the injunctive action, is not inherently of such a limited duration that there is a strong likelihood that the majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Furthermore, the issue presented in this case could arise in a

future case in which the plaintiffs have not vacated the premises and, therefore, would retain, during the appeal, a viable legal interest in obtaining the injunction. Thus, this exception does not apply because it fails to meet all three requirements. "In the absence of the existence of an actual dispute between the parties, the resolution of which can furnish some relief to the plaintiff, or an applicable exception to the mootness doctrine, we must dismiss the [claim]." *Ayala* v. *Smith*, supra, 236 Conn. 96.[4] We, therefore, dismiss this claim as moot.

We next analyze the plaintiffs' claim that the trial court improperly denied their writs of restitution based on claims of unlawful entry and detainer. See General Statutes § 47a-43.[5] After an evidentiary hearing, the trial court found that Fulinello and Barszck "did vacate the premises as of July 13, 1996 [and July 15, 1996, respectively] and surrendered [their] keys to the premises to the [commissioner's] representative without protest." It also found that at the time the defendants entered the premises, the plaintiffs were not in possession of the premises as required by § 47a-43.[6] On the basis of

[4] The plaintiffs maintain that the action would not be moot should this court reverse the judgments for the defendants in the two entry and detainer actions and restore their possession of the dwelling units. Because of our resolution of the plaintiffs' entry and detainer claims, we need not address that assertion.

[5] General Statutes § 47a-43 provides in relevant part: "Complaint and procedure: Forcible entry and detainer; entry and detainer. (a) When any person (1) makes forcible entry into any land, tenement or dwelling unit and with a strong hand detains the same or (2) having made a peaceable entry, without the consent of the actual possessor, holds and detains the same with force and strong hand or (3) enters into any land, tenement or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor, or (4) when the party put out of possession would be required to cause damage to the premises or commit a breach of the peace in order to regain possession, the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the Superior Court. . . ."

[6] See footnote 5.

these findings, we conclude that the trial court properly denied the plaintiffs' requests for writs of restitution.

"The process of entry and detainer is in its nature an action by which one in the possession and enjoyment of any land, tenement or dwelling unit, who has been deprived of it, may be restored to the possession and enjoyment of that property. For a plaintiff to prevail, it must be shown that he was in actual possession at the time of the defendant's entry. *Berlingo* v. *Sterling Ocean House, Inc.*, 203 Conn. 103, 108, 523 A.2d 888 (1987). The question of whether the plaintiff was in actual possession at the time of the defendants' entry is one for the trier of fact. *Communiter Break Co.* v. *Scinto*, 196 Conn. 390, 394, 493 A.2d 182 (1985). Generally, the inquiry is whether the one claiming actual possession has exercised the dominion and control that owners of like property usually exercise, although it is not necessary to show a continuous personal presence on the land. Id., 394." *Catropa* v. *Bargas*, 17 Conn. App. 285, 289, 551 A.2d 1282 (1989).

Here, the trial court found that, at the time of the defendants' entry, the plaintiffs did not exercise any physical control with the intent and apparent purpose of asserting dominion over the premises. "We will not retry the facts since the trial court in its role as fact finder has the unique opportunity to view the evidence presented in a totality of the circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties . . . ." (Internal quotation marks omitted.) *Solomon* v. *Hall-Brooke Foundation, Inc.*, 30 Conn. App. 129, 132, 619 A.2d 863 (1993). "The factual finding of a trial court on any issue is reversible only if it is clearly erroneous. Practice Book § 4061." *Zarembski* v. *Warren*, 28 Conn. App. 1, 4, 609 A.2d 1039, cert. denied, 223 Conn. 918, 614 A.2d 831 (1992). The plaintiffs argue that the trial court's finding was clearly

erroneous because there was no evidence that the tenants vacated the residences voluntarily and without protest. Our review of the record indicates that the factual findings challenged by the plaintiffs are clearly supported by the evidence. The plaintiffs, therefore, failed to meet their burden of proving the entry and detainer claims.

The judgments are affirmed.

In this opinion the other judges concurred.