[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action claiming a forcible entry and detainer, pursuant to General Statutes § 47a-43[1] "`The process of entry and detainer is in its nature an action by which one in the possession and enjoyment of any land, tenement or dwelling unit, CT Page 2949 who has been deprived of it, may be restored to the possession and enjoyment of that property. For a plaintiff to prevail, it must be shown that he was in actual possession at the time of the defendants' entry. Berlingo v. Sterling Ocean House, Inc.,203 Conn. 103, 108, 523 A.2d 888 (1987). The question of whether the plaintiff was in actual possession at the time of the defendants' entry is one for the trier of fact. Communiter BreakCo. v. Scinto, 196 Conn. 390, 394, 493 A.2d 182 (1985). Generally, the inquiry is whether the one claiming actual possession has exercised the dominion and control that owners of like property usually exercise, although it is not necessary to show a continuous personal presence on the land. Id., 394.'Catropa v. Bargas, 17 Conn. App. 285, 289, 551 A.2d 1282
(1989)." Barszck v. Solnit, 46 Conn. App. 112, 117, 698 A.2d 358
(1997). The burden of proof is on the plaintiff. CommuniterBreak Co. v. Scinto, supra, 196 Conn. 393.
The court finds that in 1994, the plaintiff, who had a small tool and dye operation, was evicted from his business premises. At or about that time, the defendants were starting such a business. The defendant Van Buren told the plaintiff that he could put his equipment in the premises the defendants were leasing, so long as the defendants had access to and could use that equipment. The plaintiff also was afforded access to and use of his equipment. No particular area was assigned for the equipment, no written agreement was made, no monies were paid by the plaintiff to the defendants or others.
The court finds that the plaintiff has not proven by a fair preponderance of the evidence that he was in actual possession of the premises — that is, that he, individually or by the presence of his equipment, exercised the dominion and control that owners of like property usually exercise. See and compareCommuniter Break Service Co. v. Scinto, supra, 196 Conn. 394.[2]
Judgment may enter for the defendants.
BY THE COURT
Bruce L. LevinJudge of the Superior Court