[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action pursuant to General Statutes § 47a-43, the entry and detainer statute.[1] The plaintiff filed an application for ex parte relief on March 12, 1998. Counsel for both parties were summoned to appear before the court that afternoon.[2] The matter was continued to the following day when CT Page 2914 the court heard both parties in an evidentiary hearing and by way of argument.
The plaintiff and the defendant share a four-floor luxury condominium in New Haven. The condominium is owned by the defendant's mother as trustee. The defendant resides in the condominium rent-free. The plaintiff is a tenant, although the nature of her tenancy is in dispute.[3] The defendant has brought a summary process action against the plaintiff.
Because of alleged thefts to her personal property, the plaintiff caused a security system to be installed in the condominium on March 2, 1998, about ten days prior to the presentation of this application. The following day the system was activated. Although the plaintiff supplied the defendant with access to the system, he had it removed on March 6, 1998. Also on March 6, 1998, the defendant uttered in the plaintiff's presence the words "you're dead." On the morning of March 12, 1998, the defendant attempted to deadbolt three doors in the condominium. The doors provided access to areas which had been reserved to the parties' common use or to the plaintiff's exclusive use.
"The right of action for forcible entry and detainer is a creature of statute." Communiter Break Co. v. Scinto,196 Conn. 390, 392, 493 A.2d 182 (1985). "A plaintiff suing under the forcible entry and detainer statute must prove his actual possession of the land or property from which he claims to have been dispossessed." (Emphasis omitted.) Id., 393. Here, there is no question that the plaintiff is in actual possession of the condominium.
Beyond the element of actual possession, General Statutes § 47a-43 requires certain action on the part of the defendant, although not necessarily violent action. Bourque v.Morris, 190 Conn. 364, 367, 460 A.2d 1251 (1983).
Clearly, the defendant's attempt to deadbolt doors to areas of common use or areas reserved to the plaintiff's exclusive use actuates the statute. See, e.g., Berlingo v. Sterling OceanHouse, Inc., 203 Conn. 103, 109, 523 A.2d 888 (1987).
The question of the removal of the plaintiff's security system is more problematical. General Statutes § 47a-43
(a)(3) provides that the remedy provided by the statutory scheme is available "[w]hen any person . . . enters into any land, CT Page 2915 tenement or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor. . . ." There is no evidence that the defendant has damaged or threatened to damage the premises. While the evidence is unclear, it would seem that a security system such as was described by the plaintiff would be a fixture rather than personal property. The distinction cannot be overlooked merely because of the venerable age of the statute. Daddona v. LibertyMobile Home Sales, Inc., 209 Conn. 243, 257, 550 A.2d 1061
(1988).[4] This portion of the statute was enacted in 1976; 1976 Public Act No. 76-95 § 21; by which time the distinction between a fixture and personal property was well-settled in Connecticut jurisprudence.
As between a lessor and lessee, however, the distinction between personal property and fixtures is not an impediment to the application of General Statutes § 47a-43, in the absence of an agreement between the parties making it so. Hartlin v. Cody,144 Conn. 499, 506-507, 134 A.2d 245 (1957); see Norwalk VaultCompany of Bridgeport, Inc. v. Mt. Grove Cemetery, 180 Conn. 680,686, 433 A.2d 979 (1980). "It frequently happens that, in the case of a lease for a long term of years, the tenant . . . puts fixtures into the building for his own use. It is well settled that, even if the . . . fixtures are attached to the real estate and would pass with a conveyance of the land, as between landlord and tenant they remain personal property, and, in the absence of a special agreement to the contrary, may be removed by the tenant at any time during the continuation of the lease provided such removal may be made without injury to the freehold. This rule is, however, entirely for the protection of the tenant. . . . 2 Nichols, Eminent Domain (Rev.3d Ed.) § 5.81, subsection 2;In re Acquiring Certain Property on North River, City of NewYork, 118 App.Div. 865, 867, 103 N.Y.S. 908." (Emphasis added.)Toffolon v. Avon, 173 Conn. 525, 533, 378 A.2d 580 (1977); see also Webb v. New Haven Theatre Co., 87 Conn. 129, 134,87 A. 274 (1913).
The security system, therefore, is personal property for purposes of the lessor-lessee relationship and for purposes of § 47a-43. Since the plaintiff's personalty has been recently burglarized, that system is reasonably adapted to securing the quiet enjoyment of her possession, and is not a sudden and unwarranted extension of her tenancy or nature of her possession. The defendant entered into the dwelling unit and caused damage to this personal property. For this act, the court may grant relief. CT Page 2916
The plaintiff has also sought an order precluding the defendant from using the premises, except under very limited circumstances. Assuming such relief is within the ambit of remedies available pursuant to General Statutes § 47a-43, the plaintiff has not borne her burden of proving that such drastic relief is necessary in order "to `protect . . . peaceable possession . . . from disturbance by any but lawful and orderly means'; Orentlicherman v. Matarese, [99 Conn. 122, 126, 121 A. 275
(1923)]; and to protect the `peace of the neighborhood.' (Emphasis omitted.) Dutton v. Tracy, 4 Conn. 79, 86 (1821)."Daddona v. Liberty Mobile Home Sales Inc., supra, 209 Conn. 257. In reaching this conclusion I have not overlooked the defendant's intemperate and intimidating, but isolated, remark to the plaintiff with whom he is embroiled in contentious litigation. That utterance, however, is relevant and has been weighed in the granting by the court of injunctive relief. See Gray v. Finch,23 Conn. 495, 515-516 (1855).
The defendant is temporarily enjoined from installing deadbolt locks on doors to areas of common use or to areas exclusively used by the plaintiff. The defendant is temporarily enjoined from interfering with the operation or use of the plaintiff's security system, which he will be given the means to use, so long as that system does not interfere with the functioning of a previously installed and operating security system.
Bruce L. Levin Judge of the Superior Court