## Employers' Liability Assurance Corporation, Limited v. Hereford.

(Decided May 22, 1925.)

### Appeal from Floyd Circuit Court.

1. Master and Servant—Compensation Insurer Held Not Entitled to Premiums Based on Wages Paid to Employes Not Employed on Premises Under Control or Management of Defendant.—One insuring employer against liability under Workmen's Compensation Act held, in view of Workmen's Compensation Act, section 10, not entitled to premiums based on wages paid by independent or subcontractors to their employes who were not employed in or about insured's premises, or premises under his control or management.

2. Master and Servant—Contractor's Delivery of Work on Principal's Premises Does Not Impose Liability to Contractor's Employes.—Workmen's Compensation Act, section 10, making principal liable to contractor's employes, if injury occurs on premises, where principal executes work, does not·impose liability, or entitle insurer to premiums based·on wages· of contractor's employes, merely

because contractor delivers work, completed elsewhere, on principal's premises.

B. F. COMBS and A. B. COMBS for appellant.

MAY, ALLEN & MAYO, A. J. MAY and EDWARD L. ALLEN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In 1918, and again in 1919, appellant issued appellee a policy of insurance insuring him against such liability as the Workmen's Compensation Act of Kentucky might impose upon him in connection with his logging and saw mill operations. The advance premium of each policy was based on an estimated pay roll. At the end of the two years, appellant audited the books of appellee and claimed an additional premium because, as alleged, the actual pay roll of appellee during those two years exceeded the estimated pay roll. The appellee defended the action on the ground that the alleged excess in pay roll was occasioned by wages paid by certain independent or subcontractors to their employes and that appellant had no right to claim an additional premium on account of such pay rolls.

There can be no doubt but that appellant agreed under the policies of insurance in question to insure appellee against any claim for compensation that might arise under the workmen's compensation laws of Kentucky, and that the premiums under these policies were to be based on the pay rolls of all employes, whether directly in the employ of appellee or in the employ of any subcontractor or independent contractor, to any of whom the appellee would be liable under such compensation law in the event of injury to such employe. Therefore, the first question is as to the extent of the liability of appellee under the Kentucky Workmen's Compensation Act. Section 10 of that act, being section 4891 of the Kentucky Statutes, reads:

"A principal, contractor, intermediate or subcontractor shall be liable for compensation to any employe injured while in the employ of any one of his intermediate or subcontractors and engaged upon the subject matter of the contract, to the same extent as the immediate employer. Any principal, intermediate or subcontractor who shall pay compensa-

tion under the foregoing provision may recover the amount paid from any subordinate contractor through whom he may have been rendered liable under this section.

"Every claim to compensation under this section shall in the first instance be presented to and instituted against the immediate employer, but such proceeding shall not constitute a waiver of the employe's rights to recover compensation under this act from the principal or intermediate contractor; provided, that the collection of full compensation from one employer shall bar recovery by the employe against any others; nor shall he collect from all a total compensation in excess of the amount for which his immediate employer is liable.

"This section shall apply only in cases where the injury occurred on, in or about the premises on which the principal contractor has undertaken to execute work or which are under his control otherwise or management."

This section was recently construed in the case of Burt v. Clay, 207 Ky. 278, 269 S. W. 322, and we there held, according to the mandate of the statute, that a principal contractor was liable for compensation to any employe injured while in the employ of any one of his intermediate or subcontractors and while engaged upon the subject matter of the contract, to the same extent as the immediate employer was. However, in that case the subcontractor and the injured employe were at work in and about the premises on which the principal contractor had undertaken to execute the work and the injury occurred there. The closing part of the quoted section of the statute specifically says that a principal or contractor shall be liable to the employes of his intermediate or subcontractors only in cases where the injury occurs on, in or about the premises on which the principal or contractor has undertaken to execute work or which are under his control or management. The question then comes to whether or not appellant has shown that the employes, whose wages it claims constitutes the basis for the increased premium asked for, were employed in or about the premises on which the principal had undertaken to execute the work or which were under his control or management.

Appellant introduced only two witnesses, and at the close of its case the court peremptorily instructed the

jury to find for appellee. The first of these two witnesses testified only concerning the audit of the appellee's books made by a third party, and he knew nothing concerning the case of his own personal knowledge. The other witness was Bennie Banks, appellee's bookkeeper. We have carefully read several times the testimony of this witness Banks and there is not a line of it which indicates that the employes of the independent contractors, whose wages furnished the cause of controversy here, were employed in or about the premises on which the principal had undertaken to execute the work or which were under his control or management. The nearest approach that we get to such testimony is the statement that these independent contractors who were hired to haul and possibly cut trees were paid at so much per cube for the trees delivered at the pit. Passing whether or not we can infer from this that the pit was under the control of appellee, yet we do not think that simply because an independent contractor delivers his work, completed elsewhere, on the grounds where the principal is doing his work, the principal is brought within section 10 of the compensation act. Otherwise a general contractor on a building who buys, for instance, his doors and window sashes from a planing mill would be responsible for any injury which occurred in a planing mill, or to the driver of the planing mill if hurt while delivering the doors and sash on the job. We do not believe the compensation act contemplates this. As appellant failed to prove that the employes, whose wages furnished the basis for the increased premium asked for, were employed in or about the premises on which the appellee had undertaken to execute the work or which were under his control or management, it has failed to make out its case, and for that reason the court did not err in giving the peremptory instruction it did.

Judgment affirmed.