ROBERT JOHN WILSON *v.* LARGAY BREWING COMPANY,
INC., ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 6, 1938—decided January 5, 1939.

*Victor M. Gordon,* with whom, on the brief, was
*Arthur B. O'Keefe,* for the plaintiff.

*DeLancey Pelgrift,* for the defendants.

MALTBIE, C. J.   This is a reservation in a workmen's
compensation case made by the Superior Court upon
its own motion because it was of the opinion that there
was a principle of law involved not free from reason-
able doubt and the determination of which by this

court was required in the public interest. The appeal to the Superior Court sought changes and additions in the finding of the commissioner. Before reserving the question of law to this court the Superior Court made one change, and as no appeal was taken from that action, that change is not open to attack. *Plecity* v. *McLachlan Hat Co.*, 116 Conn. 216, 219, 164 Atl. 707. However, had it not been made, our conclusion would have been the same.

The defendant employer, a brewing company, as a part and process of its trade and business, erected signs advertising its products under contracts it entered into with other persons engaged in that kind of work. The company made an oral agreement with the owner of a package store in a building on premises not owned by the company, which gave it permission to enter on the premises, erect a sign on the wall of the building thereon and return in case of need to maintain the sign during a period of two years; and in return for this privilege the company agreed that the name of the operator of the package store should be painted on the sign. The company then entered into an oral contract with one Patzold for the erection of the sign. This was composed of sheets of metal nailed to the side of the building and surrounded by a wooden frame. The plaintiff was a regular employee of Patzold and was sent by him to assist in erecting the sign. In the performance of the work he ascended a ladder which was being held by a fellow employee, but the latter left it, with the result that it fell to the ground and the plaintiff suffered the injuries for which he claims compensation.

The plaintiff seeks recovery against the defendant company under the provision of the compensation law which makes a principal employer liable for compensation when he procures work to be done for him by a

contractor or through him by a subcontractor and the work so procured to be done is a part or process in the trade or business of the principal employer and is performed in, on or about premises under his control. General Statutes, § 5230. The·issue in the case which was the basis of the reservation by the Superior Court was the proper interpretation of the provision in the statute that to afford a basis of recovery by an employee of a contractor, against the principal employer, the injury must be sustained in the course of work performed "in, on or about premises under his control."

The language quoted originated in the early British workmen's compensation acts; thus, that of 1897 was restricted in its operation to employment "on or in or about a railway, factory, mine," etc. 60 and 61 Vict., cap. 37, § 7. Later, when the scope of the act was greatly broadened, the phraseology quoted was incorporated in the provision permitting a recovery against a principal employer who had contracted with another for the execution of work and from that act it passed into our own statute. In *Back* v. *Dick Keer & Co., Ltd.*, L. R. (1906) App. Cas. 325, Lord Atkinson sums up the decisions involving the words in question as used in the British act of 1897 as follows (p. 333): "The view of this statute apparently taken in all these cases was that the Legislature had intended to select certain fields of operation in which, owing to the nature of the work done there, danger to the workmen employed in doing it might be supposed to exist, and to confine the benefits conferred by the statute to injuries sustained in those physical areas or in close proximity to them. And accordingly these cases seem to have established that it is necessary in order to satisfy the words of s. 7, to hold that the employment in which the workman must be engaged in order to entitle him to recover must be carried on in some defined or ascer-

tainable physical area and that at the time of the accident he must have been working 'on or in or about' that area, the word 'about' being held to be equivalent at best to 'in close proximity to.' " Thus in *Wrigley* v. *Whittaker & Sons*, L. R. (1902) App. Cas. 299, an employee was injured while installing a wheel manufactured by his employer in the factory of another and compensation was denied him; and in *Barklay, Curle, & Co.* v. *M'Kinnon*, 3 Court of Session, Fifth Series, 436, compensation was denied a riveter sent from his employer's factory to work on a ship at a public dock a quarter of a mile or more distant.

Most compensable injuries are due to conditions of employment the danger from which could be prevented or minimized by sufficient oversight or control. The underlying purpose of the restriction as to the place of employment in the various acts was obviously to limit liability to those situations where such conditions might be assumed to be largely within the control or observation of the principal employer. See *Andrews* v. *Andrews & Mears*, L. R. (1908) 2 K. B. 567; *Halpin* v. *Industrial Commission*, 319 Ill. 130, 135, 149 N. E. 764; *Employers' Liability Assur. Corp., Ltd.* v. *Hereford*, 209 Ky. 188, 272 S. W. 380; *Doherty's Case* (Massachusetts) 2 N. E. (2d) 186; *Carlson* v. *Mock*, 102 Wash. 557, 560, 173 Pac. 637. This purpose is strongly suggested by the very terms of our own statute restricting its application to work performed in, on or about premises "under his [the principal employer's] control."

If we turn to the situation before us, it appears that the right of the brewing company in the premises where the sign was to be placed was at most a license to enter and erect it and subsequently for two years to make necessary repairs. It could do nothing on the premises except so far as might be reasonably neces-

sary in the execution of that license, and its acts in so doing would fall far short of constituting a control of the premises. *Vinci* v. *O'Neill,* 103 Conn. 647, 655, 131 Atl. 408. In no sense could the work be regarded as falling within the requirement that the employee to recover compensation from the principal employer must suffer injury upon work done "in, on or about premises under his control."

The trial court is advised to sustain the appeal and remand the case to the compensation commissioner with direction to dismiss the claim.

In this opinion the other judges concurred.