## NICHOLAS RITUCCI *v.* JOHN BRANDT

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and INGLIS, Js.

Argued January 7—decided February 26, 1948

*Stephen A. Homick,* for the appellant (defendant).

*William J. Secor, Jr.,* with whom was *Patrick De-Leon,* for the appellee (plaintiff).

MALTBIE, C. J.  Prior to June 28, 1945, Sarah G. Lubesky had listed a house for sale with the defendant.  On that day, as a result of the work of the defendant, the plaintiff and Sarah G. Lubesky, acting through the defendant as her agent, entered into a contract for the sale of the house to the plaintiff for $5600.  A clause in the contract read:  "Receipt of

"$200.00 is hereby acknowledged as part payment of the purchase price, and it is hereby agreed that said amount shall be applied on the commission of said agent as liquidated damages, unless the transaction is completed on or before 60 days from the date herewith." The $200 was paid by the plaintiff to the defendant. On June 30, 1945, the plaintiff advised the defendant that he could not complete the purchase. Thereafter, the defendant gave $100 to Sarah G. Lubesky, who in turn gave it to the plaintiff. The defendant retained $100 for himself and gave the plaintiff a certificate of credit which in effect stated that the defendant would give the plaintiff credit in the amount of $100 on any future purchase of property made by the plaintiff through the defendant as agent within three years. The property was later sold to another. The defendant offered no proof of damages sustained. These facts were substantially undisputed and are sufficient to determine the issue.

The trial court concluded that the clause quoted from the contract was a provision for a penalty rather than for liquidated damages and that, in the absence of any proof of actual damage by the defendant, the plaintiff was entitled to recover. In the memorandum of decision, this is described as "the crux of the case as pleaded and tried."

As between the plaintiff and defendant, the only possible contractual relationship would be that the defendant was a third party beneficiary to the extent of the $200 deposit. The provision in the contract for the application of the deposit upon his commission involved a sum certain, paid when the agreement was made. As a third party beneficiary, he would have no basis for claiming any other damages, and the parties could not have intended the provi-

sion for liquidated damages to apply between the plaintiff and defendant.

As between the plaintiff and Mrs. Lubesky, the owner, the contract entered into by them was clearly intended to mean that the $200 deposit might be retained by the defendant in partial liquidation of his right to a commission, which, on the finding, he had earned and she had become obligated to pay to him. Had the agreement between the plaintiff and Mrs. Lubesky provided that the former would pay the defendant's commission, she could have recovered the amount of that commission as an element of her damages for the breach by the purchaser. *Romanoff* v. *DeSanto,* 101 Conn. 504, 514, 126 A. 694. The damages intended to be liquidated were those due Mrs. Lubesky for the plaintiff's breach of his agreement with her to purchase the property, measured by the amount of the deposit which was to be applied upon her obligation to the defendant for his commission. The situation was the not uncommon one where there is a breach of an agreement to purchase real estate and where a provision for liquidated damages is proper. *Tingley* v. *Cutler,* 7 Conn. 291, 295; 17 C. J. 956; 25 C. J. S. 687. The stipulation that the defendant might retain the deposit was in no sense a penalty. The plaintiff had definitely breached his contract with the owner. It follows that he had no right to recover.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the defendant.

In this opinion BROWN, DICKENSON and INGLIS, Js., concurred; JENNINGS, J., concurred in the result.