SOUTHERN NEW ENGLAND CONTRACTING COMPANY *v.*
NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION

COTTER, LOISELLE, BOGDANSKI, LONGO and HEALEY, Js.

Argued March 8—decision released May 23, 1978

*Richard L. Barger,* for the appellant (plaintiff).

*Jackson T. King, Jr.,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action in the Superior Court in Hartford County seeking interest allegedly due on an arbitration award. On that issue the court found in favor of the defendant, and from its judgment the plaintiff has appealed.

The facts, as stipulated to by the parties and found by the court, are as follows: On April 4, 1966, the parties entered into a contract whereby the

plaintiff agreed to construct certain educational and housing facilities for the defendant. During the course of construction, various disputes arose between the parties and on March 18, 1969, the plaintiff submitted a demand for arbitration in accordance with the contract. On May 19, 1970, the arbitrators awarded the plaintiff $158,331.43. The defendant filed a motion to vacate the award, and, subsequently, the plaintiff filed an application to have the award confirmed.

By agreement, the award was resubmitted to the arbitrators with direction that it be broken down into more detailed figures, the parties agreeing that the effective date of the award would continue to be May 19, 1970. Once the award was itemized, the matter was referred to a state referee who, exercising the powers of the Superior Court, rendered judgment on July 16, 1971, confirming the award. The defendant appealed and, on March 23, 1973, that judgment was affirmed. *Norwich Roman Catholic Diocesan Corporation* v. *Southern New England Contracting Co.,* 164 Conn. 472, 325 A.2d 274.

On May 11, 1973, the defendant paid the principal of the judgment plus interest from the date of the referee's judgment confirming the award. The defendant did not pay any interest on the principal from May 19, 1970, the date of the arbitrators' award, to July 16, 1971, the date of the Superior Court judgment. The plaintiff brought this action to recover interest for this, and from a judgment in favor of the defendant he has appealed.

The plaintiff's claim is based upon a provision of the contract, which is comprised of the American Institute of Architects document forms A101 and A201, and the specifications and drawings. Article

25 of the general conditions of the contract provides, in part: "Should the Owner fail to pay the sum named . . . in any award by arbitration, *upon demand when due,* the Contractor shall receive . . . interest thereon at the legal rate." (Emphasis added.) The plaintiff contends that under the specific terms of this provision the sum named in the award became "due" as of the date of the award, and that the plaintiff's application to confirm the award constituted sufficient "demand," or, alternatively, that, because the defendant filed a motion to vacate the award, no demand was necessary.

It is clear that the plaintiff seeks to have this court interpret its contract with the defendant. Ordinarily, this court will not interpret a contract submitted to arbitrators. In this case, however, the issue raised was not one within the original submission to the arbitrators, but rather one based upon an issue which arose after the award was made—that is, a claim for interest on an award after the award was made, but before it was confirmed by a court judgment. Under these particular circumstances, the appeal is considered.

In interpreting the language of a contract, it is the intention of the parties, "which must be gathered from the language of the instrument in light of the circumstances existing at the time of its execution, [which] is controlling." *Collins* v. *Sears, Roebuck & Co.,* 164 Conn. 369, 373, 321 A.2d 444. The contractual terms are to be given their ordinary meaning and when the intention conveyed is clear and unambiguous, there is no room for construction. See, e.g., *Whitaker* v. *Cannon Mills Co.,* 132 Conn. 434, 440, 45 A.2d 120.

In the present case, the term "demand" is not sufficiently ambiguous to warrant the construction for which the plaintiff contends. Indeed, the plaintiff's own complaint states that "[t]he plaintiff by letter of March 29, 1973, made demand on the defendant for payment of the principal of judgment, costs and . . . interest." The plaintiff neither alleged nor proved any prior "demand." Because the contract specifically conditioned the receipt of interest upon prior demand for the principal, the plaintiff's failure to make such a demand precludes recovery of the interest sought from May 19, 1970, the date of the award, irrespective of any determination as to when the principal amount became "due." Because of our disposition of the case, the latter issue need not be addressed.

There is no error.