[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case was tried before the court. Following the conclusion of the evidentiary portion of the trial, the parties filed trial briefs on February 20, 1991.
The case arises from a commercial lease between the parties (Exhibit #1) wherein the plaintiff was lessee and defendants lessor.
The lease was for retail space in a portion of Cromwell Commons Shopping Center, Cromwell, Connecticut. The premises were not yet constructed when the lease was entered into, and this litigation concerns the plaintiff's claim of damages resulting from the delay in completion of and delivery of the demised premises.
The plaintiff is a corporation engaged since 1983 in the retail sales, service and installation of stereo equipment. The defendants are the individual owners and developers of the Cromwell Commons Shopping Center.
The lease (Exhibit #1) signed by plaintiff on May 29, 1985 and defendant on June 27, 1985; provided in its amended form: Commencement date:
 "Forty five (45) days after landlord delivers the space to Tenant with Landlord's work substantially completed or when Tenant commences to do business, whichever shall first occur.
 Landlord shall deliver the space to Tenant by no later than July 30, 1985. In the event that Landlord has not delivered the space to Tenant by August 30, 1985, Landlord shall have an additional 30 days to deliver such space to Tenant. Tenant shall have the option CT Page 2432 of cancelling this lease if Landlord has not delivered such space to Tenant by the end of such 30 day period."
The landlord (defendant) did not deliver the premises to the plaintiff (tenant) until December 10, 1985. The plaintiff at no time indicated a desire to cancel the lease.
The plaintiff damage claims relate to its essential loss of any Christmas 1985 season.
The other relevant sections of the lease-contract which relate to the dispositive issue of the case are a General Provision Time of Essence clause found at Art. XVIII 18.06 of Exhibit #1; and A Length of Term and Commencement Date provision at Art. II Term 2.01:
 (a) The terms of this Lease shall be for the period specified as the Term in the Basic Lease Provisions commencing on the Commencement Date and expiring at the end of such Term (unless sooner terminated pursuant to the provisions hereof) specified in the Basic Lease Provisions attached hereto and hereby made a part hereof. Tenant agrees to accept possession of the Premises when tendered by Landlord and to open for business in the Premises promptly thereafter. Notwithstanding the foregoing, Tenant's obligation to pay rent hereunder shall commence on the earlier of the following dates: (i) The date which is thirty (30) days after Landlord gives written notice to tenant that Landlord's work in the Premises as described in Article XIX is substantially completed and the Premises are already for Tenant's work and the installation of Tenant's fixtures and equipment; or (ii) the date on which Tenant opens for business in the Premises.
 (b) If Landlord is unable, for any reason whatsoever, to deliver possession of the Premises to Tenant on the Commencement Date, with Landlord's work as described in Article XIX substantially completed, this Lease CT Page 2433 shall not be void or voidable for a period of six (6) months thereafter, nor shall Landlord be liable to Tenant for any loss or damage resulting therefrom, but all rent due hereunder shall abate until Landlord delivers possession of the Premises to Tenant. If Landlord is unable to deliver possession of the Premises to Tenant with Landlord's work substantially completed within six (6) months after the Commencement Date, this lease may be cancelled by either Landlord or Tenant by written notice to the other prior to the date possession is delivered to Tenant. If this Lease is cancelled under this subparagraph, Landlord shall refund any security deposit paid by Tenant upon execution of this Lease, but neither party shall have any further liability to the other hereunder.
Where rights, duties and obligations are fully stated in a written contract between the parties, the court is obligated to determine the intention of the parties from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed but what intention is expressed in the language used. On Site Energy Corporation v. Sperry Rand Corporation, 15 Conn. App. 326, 330, 498 A.2d 121 (1985). If the intention conveyed is clear and unambiguous, there is no room for construction. Southern New England Contracting Co. v. Norwich Roman Catholic Diocesan Corporation, 175 Conn. 197, 199,397 A.2d 108 (1978).
Defendant agrees that the plaintiff's claim is precluded by 2.01(b) which releases it as the landlord from any damages resulting from late delivery. The pertinent language of 2.01(b) "If Landlord is unable, for any reason whatsoever, to deliver possession of the premises to Tenant on the Commencement Date, . . . ., nor shall Landlord be liable to Tenant for any loss or damage resulting therefrom, . . . ."
Plaintiff argues in pages 7-11 of its trial brief essentially that 2.01 addresses the commencement date and does not apply to this claim over a delay in meeting the delivery date.
Such a construction is creative but unavailing. This case and this contract provision deal with the issue of a delay in completion resulting in a delay in delivery and commencement. CT Page 2434
The contract provision 2.01 expressly indicates that the problem that arose was contemplated by the parties. The agreement provides a cancellation option to tenant and rent abatement for any period of delay. It also clearly precludes a damage claim for such delay as is set forth in this complaint.
The commencement date is clearly related to and triggered by the delivery date. It has no meaning if landlord is unable to deliver the premises. A party to a contractual agreement is not able to avoid the bargained for result by simply styling the issue in an unusual manner.
The contract does not allow the damage claim asserted by the plaintiff in this action.
Connecticut authority and the law of contracts allows parties, especially in a commercial contest, to limit damages in this fashion. Rotucci v. Brandt, 134 Conn. 364, 366, 57 A.2d 728
(1948); Lanna v. Greene, 175 Conn. 453, 458 (1978).
The court finds that Section 2.01 is applicable to this claim for a delay in the "delivery" of the premises. Section 2.01 being more specific it is controlling over the more general provision Art. 18.06 regarding time of the essence. Kronholm v. Kronholm,16 Conn. App. 124, 131 (1988).
The court further finds that the liability limitations of Art. 2.01(b) are not limited in any way by the typed portion of the contract which references an August 1, 1985 delivery date.
In that Art. 2.01(b) precludes the plaintiff's claim of damages, judgment enters for the defendant.
McWEENY, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 2435
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2436
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2437
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2438
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2439
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2440