[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff filed a second amended complaint on August 16, 1990 which alleges the following facts. The plaintiff was injured when she was caused to slip and fall in the parking lot of Westwood Plaza. Such plaza and parking lot were controlled by the third party plaintiff. The plaintiff fell because, due to the third party's negligence in maintaining the parking lot, it was defective and dangerous.
The third party plaintiff filed a motion to implead, which was granted by the court, Kulawiz, J., and complaint against the third party defendants Ketrys. The third count of this complaint alleges that the third party defendants "agreed to defend, indemnify and hold harmless the third party plaintiff" from and against actions such as the plaintiff's. The third party plaintiff then alleges that the third party defendants have refused to defend this action and that they are responsible to the plaintiff for any judgment against the third party plaintiff.
On July 3, 1991 the third party defendants filed a motion for summary judgment on this third count on the ground that they never contracted to defend, indemnify and hold harmless the third party plaintiff. As the third party defendants had filed an answer on August 6, 1990, the pleadings are closed. The third party plaintiff objects to the motion, and the parties have filed supporting memoranda of law, affidavits and other evidence.
The third party defendants claim that they never agreed to defend, indemnify and hold harmless the third party plaintiff. The third party plaintiff claims that the agreement in the lease between third party defendants and the third party plaintiff can be seen as an agreement to indemnify and that therefore summary judgment is not appropriate.
Paragraph 12 of the lease states that the tenant, third party defendant, "will provide, and keep in force insurance policies protecting Landlord and/or Tenant from liability in an amount not less than $100,000.00 in respect to any one accident or disaster, and in the amount of not less than $50,000.00 in respect to injuries to any one person." The third party plaintiff argues that he interpreted this provision to mean that the third party defendants agreed to defend, indemnify and hold him harmless for the type of claim that the plaintiff is claiming.
Generally, "the language of a contract is typically construed CT Page 118 most strongly against the party whose language it is and for whose benefit it was inserted." Sturman v. Stocks, 191 Conn. 1, 9
(1983) (citations omitted). In interpreting a written agreement, the parties' intention "is to be determined from its language and not on the basis of any intention either may have secretly entertained." Thompson Peck, Inc. v. Harbor Marine Contracting Corp., 203 Conn. 123, 130-131 (1987), quoting Sturman, supra, 10. "Contractual terms are to be given their ordinary meaning and when the intention is clear and unambiguous, there is no room for construction." Gino's Pizza of East Hartford, Inc. v. Kaplan,193 Conn. 135, 138 (1984), quoting Southern New England Contracting Co. v. Norwich Roman Catholic Diocesan Corp., 175 Conn. 197, 199
(1978). Language in an agreement "must be accorded its common, natural and ordinary meaning and usage." Sturman, supra, 10 (citation omitted). Finally, "The agreement must be interpreted as a whole, with all relevant provisions considered together." Beckenstein v. Potter Carrier, Inc., 191 Conn. 120, 134 (1943) (citations omitted).
A "relevant provision" would be paragraph 13 of the lease which states that it is "the intent of the Landlord [third party plaintiff] to be responsible for maintenance and repair to roof, structural defects, and parking lot." (emphasis added). The parking lot is where the plaintiff claims she was caused to slip and fall. The parking lot is the area claimed by the plaintiff to be defective and dangerous.
In these circumstances, it is irrelevant what the third party plaintiff may have believed paragraph 12 to mean. Paragraph 12 clearly states that the third party defendants would maintain an insurance policy. This paragraph, in its ordinary, common and natural meaning and usage, in no way provides that the third party defendants agreed to defend, indemnify and hold harmless the third party plaintiff. This is especially true in light of the fact that the third party plaintiff agreed to repair and maintain the area in which plaintiff's injury occurred. Therefore, the third party defendants' motion for summary judgment is granted.
LANGENBACH, J.