[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT CAMPBELL ASSOCIATES GENERALPARTNERSHIP'S MOTION FOR SUMMARY JUDGMENT
The defendant Campbell Associates General Partnership (Campbell) is the owner of a multi-store complex known as Curtiss Place and located on Curtiss Place in West Haven. On January 23, 1991 the plaintiff Ted Pyszkowski d/b/a Holiday Enterprises, Inc. (Plaintiff), and the defendant Domino's Pizza aka West Haven Pie Company (Domino's) each were occupying space at Curtiss Place under separate leases with Campbell. The defendant Thomas Curtis (Curtis) is alleged to be the owner and operator of Domino's.
On January 23, 1991 the plaintiff's personal property, which was stored in his leased self-storage space, was damaged by flooding which is alleged to have resulted from a broken water pipe located within the space leased by Domino's and Curtis. The plaintiff has brought this three count action for his property damage against Campbell, Domino's and Curtis alleging that each defendant was negligent in some respect.
Before the court at this time is the defendant Campbell's motion for summary judgment on the first count, which is the only count directed at Campbell. The basis of the motion is a claim by Campbell that the eighth condition of the lease with the plaintiff protects Campbell from any claims for damages arising from any negligence, including its own, that there is no genuine issue of material fact relative to the legal issue raised by the motion for CT Page 5004 summary judgment, and that judgment should enter in its favor as a matter of law. The plaintiff claims that there are several genuine issues of material fact which preclude the granting of the motion. Each party has filed a memorandum of law and a copy of the lease. In addition, the plaintiff has filed a copy of the report of the West Haven Fire Marshall, and the lease entered into between Campbell and the defendant Dominos.
As indicated in Campbell's memorandum and reply memorandum, the only issue raised by the motion for summary judgment is whether the language of the eighth condition of the lease between it and the plaintiff protects Campbell from the negligence claim which is made against it in the first count of the complaint. There is no question of fact with respect to the lease or its provisions, and therefore there is no issue of fact relative to the issue raised by the motion for summary judgment.
The memorandum filed by the plaintiff claims that there are various questions of material fact. In support of this claim he refers to various express and implied obligations of Campbell pursuant to the terms of the lease, the Fire Marshall's report concerning the cause of the flooding, and a comparison of certain provisions of his lease with the lease between Campbell and Dominos, all of which he claims show negligence on the part of Campbell. These claims miss the point. The basis of the motion is not that Campbell was not negligent, but rather a claim that, irrespective of whether Campbell was negligent, the plaintiff cannot recover for that alleged negligence because of the provisions of the eighth condition of the lease. The only time the plaintiff's fourteen page memorandum focuses on the correct issue is on the tenth page when the statement is made that condition eighth of the lease "contains no language regarding negligent acts of the landlord . . . and . . . does not exclude landlord's liability based on its own negligence."
Pursuant to Practice Book § 384, summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). The party moving for summary judgment "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Id. "Once the moving party has CT Page 5005 presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." (Citations omitted.) Burns v. HartfordHospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). "[I]t [is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." Connell v.Colwell 214 Conn. 242 251, 571 A.2d 116 (1990).
"Where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Bank of Boston Connecticut v.Schlesinger, 220 Conn. 152, 158.
The lease between the plaintiff and Campbell contains the following language in the eighth condition.
 The landlord shall not be responsible for the loss of or damage to property, or injury to persons occurring in or about the demised premises, by reason of any existing or future condition, defect, matter or thing in said demised premises or the property of which the premises are a part, or for the acts, omissions or negligence of other persons or tenants in and about the said property. The tenant agrees to indemnify and save the landlord harmless from all claims and liability for losses of or damage to property, or injuries to persons occurring in or about the demised premises.
In determining the motion for summary judgment this court is required to interpret the language of the contract between the parties as a matter of law.
 In interpreting the language of a contract, it is the intention of the parties, "which must be gathered from the language of the instrument in light of the circumstances existing at the time of its execution, [which] is controlling." Collins v. Sears. Roebuck Co., 164 Conn. 369, 373, 321 A.2d 444. The CT Page 5006 contractual terms are to be given their ordinary meaning and when the intention conveyed is clear and unambiguous, there is no room for construction. See, e.g., Whitaker v. Cannon Mills Co., 132 Conn. 434, 440, 45 A.2d 120.
So. N.E. Contracting Co. v. Norwich R.C. Diocesan Corporation,175 Conn. 197, 199 (1978).
 On the one hand basic to an economy built on contractual relations and the enforcement of contract expectations, is the notion that the terms of a contract must be given their ordinary meaning because a party is entitled to rely on its written contract to determine its rights or duties. Farmers and Mechanics Savings Bank v. First Federal Savings Loan Assn., 167 Conn. 294, 302 (1974), cf Southern New England Contracting Co. v. Norwich Roman Catholic Diocesan Corp., 175 Conn. 197, 199
(1978). This it has been held that "contracts voluntarily and fairly made should be held valid and enforceable by the courts." Collins v. Sears. Roebuck Co., 164 Conn. 369, 377
(1973). Because of this view and the policy considerations behind it the construction of a contract can't be changed `by reason of its inconvenience to the parties or the unreasonableness of the terms.' Lakitsch v. Brand, 99 Conn. 383, 393 (1923).
Arruda v. Donham, 12 Conn. L. Rptr. No. 4, 112 (August 22, 1994).
The courts have held that unambiguous contract language which does not violate public policy is to be enforced as between the parties to the contract even when the result is that one is indemnified for its own negligence. Burkle v. Car Truck LeasingCo., 1 Conn. App. 54 (1983).
In a case which is remarkably similar to the case at a bar, both with respect to the facts as well as the contract language, the court held that the contractual provision was enforceable and effectively barred a suit for damages based on the alleged negligence of the owner of a self storage facility. See CrawfordCT Page 5007v. Dover Investments, 1994 WL 131163 (Conn.Super.).
The court finds that the language of the eighth condition is clear and unambiguous and is a legal bar to the claims made by the plaintiff against the defendant Campbell in the first count of the complaint. There is no genuine issue of material fact relative to the issues raised by the motion for summary judgment and the defendant Campbell is entitled to judgment as a matter of law.
Accordingly, for the reasons above stated the motion for summary judgment (#111) is granted.
William L. Hadden, Jr., Judge