## MURPHY, INC. *v.* REMODELING, ETC., INC.
### (AC 19713)

Mihalakos, Zarella and Dupont, Js.

Argued November 30, 2000—officially released March 27, 2001

*Thomas L. Kanasky, Jr.,* for the appellant (defendant).

*Thomas W. Bucci,* for the appellee (plaintiff).

ZARELLA, J. The defendant, Remodeling, Etc., Inc., appeals from the judgment of the trial court ordering it to reinstate the plaintiff, Murphy, Inc., into possession of the premises, which is the subject of this entry and detainer action, and to pay the plaintiff's attorney's fees. On appeal, the defendant claims that the court improperly (1) found that the plaintiff was in possession of the premises, (2) found that the agreement between the parties constituted a lease and not a license of real property, (3) failed to grant the defendant's motion to dismiss pursuant to Practice Book § 15-8[1] and (4) awarded the plaintiff attorney's fees. We agree and reverse the judgment of the trial court.

The following facts are undisputed. On June 23, 1994, the parties entered into an agreement entitled "Lease Agreement." Pursuant to that agreement, the defendant agreed to lease to the plaintiff "two off premises signs and the supporting structures used in connection with said signs . . . on the roof of a certain building located in the City of Bridgeport and known as 325 Cherry Street . . . ." The defendant gave the plaintiff the "exclusive right of servicing the Signs, together with the right of ingress and egress into and over the premises to gain access to the Signs at any time of day or night." Accordingly, the defendant agreed that the plaintiff "shall have the right of entry onto and across the Premises in order to gain access to the Signs and a right to use that portion of the Premises immediately adjacent to the Signs as is necessary in order to alter, maintain,

---

[1] Practice Book § 15-8 provides: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced evidence and rested his or her cause, the defendant may move for judgment of dismissal, and the judicial authority may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made."

paint and post the Signs and post advertising thereon
. . . ."

On or about May 19, 1999, the defendant informed the plaintiff that it was in default of the terms of the agreement and that the defendant would "repossess the Lease by force if necessary." The defendant further informed the plaintiff that if it attempted to obtain access to the premises, the defendant would refuse entry and call the police to prevent the plaintiff from accessing the premises.

Shortly thereafter, the plaintiff brought suit against the defendant for unlawful entry and detainer. On June 2, 1999, the defendant filed its answer and subsequently moved to dismiss the plaintiff's complaint pursuant to Practice Book § 15-8. Accordingly, the defendant argued that the suit should be dismissed because the plaintiff failed to establish actual possession of the premises and, therefore, did not make out a prima facie case.

On June 3, 1999, the court denied the defendant's motion. The court found that the plaintiff "was [in] possession of the adjoining property" and that "there was a lockout." The court then ordered the defendant to provide the plaintiff access to the premises and to pay the attorney's fees of the plaintiff in the amount of $1000. The defendant thereafter appealed from the court's judgment.

I

The dispositive issue on appeal is whether the plaintiff was in actual possession of the premises. The defendant claims that the court improperly found that the plaintiff was in possession of the premises. The defendant further argues that the plaintiff's evidence fails

to support a forcible entry and detainer action under General Statutes § 47a-43.[2] We agree.

"The process of entry and detainer is in its nature an action by which one in the possession and enjoyment of any land, tenement or dwelling unit, who has been deprived of it, may be restored to the possession and enjoyment of that property." (Internal quotation marks omitted.) *Barszck* v. *Solnit*, 46 Conn. App. 112, 117, 698 A.2d 358 (1997). In an action commenced under the entry and detainer statute, § 47a-43, the plaintiff must show that he was in actual possession of the premises at the time of the defendant's entry. *Berlingo* v. *Sterling Ocean House, Inc.*, 203 Conn. 103, 108, 523 A.2d 888 (1987). "Generally, the inquiry is whether the one claiming actual possession has exercised the dominion and control that owners of like property usually exercise, although it is not necessary to show a continuous personal presence on the land." *Catropa* v. *Bargas*, 17 Conn. App. 285, 289, 551 A.2d 1282, cert. denied, 210 Conn. 811, 556 A.2d 609 (1989).

"The question of whether the plaintiff was in actual possession at the time of the defendant's entry is one for the trier of fact." *Communiter Break Co.* v. *Scinto*, 196 Conn. 390, 394, 493 A.2d 182 (1985). "Our review of questions of fact is limited to the determination of whether the findings were clearly erroneous. . . . The trial court's findings are binding upon this court unless

[2] General Statutes § 47a-43 (a) provides: "When any person (1) makes forcible entry into any land, tenement or dwelling unit and with a strong hand detains the same or (2) having made a peaceable entry, without the consent of the actual possessor, holds and detains the same with force and strong hand or (3) enters into any land, tenement or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor, or (4) when the party put out of possession would be required to cause damage to the premises or commit a breach of the peace in order to regain possession, the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the Superior Court."

they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *de Toledo*, 61 Conn. App. 156, 160, 763 A.2d 28 (2000), cert. granted on other grounds, 255 Conn. 938, 767 A.2d 1212 (2001).

The following additional facts are necessary for the resolution of this claim.[3] The building on which the leased signs are located is surrounded by a fence with a locked gate. The plaintiff did not have keys to either the building or the gate. Therefore, whenever the plaintiff sought access to the signs, it called the defendant who, in turn, provided access to the premises. For approximately five years after signing the lease agreement, the plaintiff visited the building every other month for periods ranging from fifteen minutes to three hours. Additionally, although the plaintiff parked its vehicles on the premises during those periodic visits, the vehicles did not remain there overnight.

On the basis of these facts, the court determined that the plaintiff was in possession of the premises. These facts demonstrate, however, that the defendant held the keys to the plaintiff's access. Although the plaintiff need not demonstrate continuous control over the premises to prove possession, the plaintiff must show that it "exercised at least some actual physical control, with the intent and apparent purpose of asserting dominion." *Communiter Break Co.* v. *Scinto*, supra,

---

[3] The only testimony offered at the trial was that of Robert Murphy, the vice president of Murphy, Inc.

196 Conn. 394. We conclude that the plaintiff failed to make that requisite showing. There is no evidence in the record to indicate that the plaintiff exhibited any physical control over the premises. We conclude, therefore, that the court improperly determined that the plaintiff was in possession of the adjoining property.

## II

The defendant further contends that, pursuant to the written agreement, the plaintiff possessed a license and not a leasehold interest in the premises. We agree.

"The construction of a contract to ascertain the intent of the parties presents a question of law when the contract or agreement is unambiguous within the four corners of the instrument. . . . [T]he construction of a written contract is a question of law for the court." (Citation omitted; internal quotation marks omitted.) *Sachs* v. *Sachs*, 60 Conn. App. 337, 342, 759 A.2d 510 (2000). "When . . . the trial court draws conclusions of law . . . we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Powers* v. *Olson*, 252 Conn. 98, 105, 742 A.2d 799 (2000). "In such a situation our scope of review is plenary, and is not limited by the clearly erroneous standard." (Internal quotation marks omitted.) *Alco Standard Corp.* v. *Charnas*, 56 Conn. App. 568, 571, 744 A.2d 924 (2000).

"[A] license in real property is a mere privilege to act on the land of another, which does not produce an interest in the property. . . . [It] does not convey a possessory interest in land . . . ." *Clean Corp.* v. *Foston*, 33 Conn. App. 197, 203, 634 A.2d 1200 (1993). On the other hand, "[a] lease is a contract under which an exclusive possessory interest in property is conveyed." Id., 201. "A lease is more than a mere license; it is a contract for the possession and profits of lands and

tenements on the one side, and a recompense of rent or other income on the other; or, in other words, a conveyance to a person for life, or years, or at will, in consideration of a return of rent or other recompense." (Internal quotation marks omitted.) *Jo-Mark Sand & Gravel Co.* v. *Pantanella*, 139 Conn. 598, 601, 96 A.2d 217 (1953). "Its distinguishing characteristic is the surrender of possession by the landlord to the tenant so that he may occupy the land or tenement leased to the exclusion of the landlord himself." Id.

In the present case, the language of the agreement does not indicate any intention to surrender exclusive possession of the premises. Rather, under the agreement, the plaintiff obtained the "exclusive right of servicing the Signs, and to hang scaffolds, or to construct, post, paint, illuminate, repair or remove its advertisements on the Signs" and "the right of ingress and egress into and over the Premises to gain access to the Signs." The agreement further limited the right of entry and the right to use the premises immediately adjacent to the signs with the language "*as is necessary* in order to alter, maintain, paint and post the Signs and post advertising . . . ."

There is no express grant of possession of the premises to the plaintiff in the agreement "nor can it be reasonably inferred from the terms of the contract that it was the intention of the owner to grant . . . exclusive possession." Id., 602. The agreement does not describe with any degree of specificity the portion of the premises allegedly demised.[4] Consequently, the language of the parties' agreement provided that the plaintiff's interest in the premises was limited to a right to service the signs and a right of ingress and egress over the premises to gain access to the signs. Lastly, there

[4] The agreement stated that the "Lessee shall have the right . . . to use that portion of the Premises immediately adjacent to the Signs."

were no provisions in the agreement that conferred possession on the plaintiff to the exclusion of the defendant as the owner. The agreement merely allowed the plaintiff "to occupy, possess and enjoy the premises for the *limited purposes*" as described in the agreement, namely, the maintenance of the signs atop the building.

In *Wilson* v. *Largay Brewing Co.*, 125 Conn. 109, 110, 3 A.2d 668 (1939), the defendant entered into an oral agreement with the owner of a package store for permission to enter on the premises, to erect a sign on the wall of the building and to return when necessary to maintain the sign. Our Supreme Court in *Wilson* held that "the right of the [defendant] in the premises where the sign was to be placed was *at most a license* to enter and erect [the sign] . . . . It could do nothing on the premises except so far as might be reasonably necessary in the execution of that license, and its acts in so doing would fall far short of constituting a control of the premises." (Emphasis added.) Id., 112–13. Similarly, the agreement in the present case granted no greater rights to the plaintiff than a privilege to act on the premises of another.

We further note that although the agreement is captioned "Lease Agreement" and contains words customarily used in a lease, i.e., "lessor," "lessee" and "lease," the agreement is still nothing more than a license. In *Reynolds* v. *Van Beuren*, 155 N.Y. 120, 123, 49 N.E. 763 (1898),[5] the New York Court of Appeals held that "[w]hile this paper is called a lease, it is manifestly nothing more than a mere license by the tenant in possession to the defendants to go upon the roof of the building and place advertisements upon the sign. It conveys no estate or interest whatever in the realty, and no possession or right of possession to the building or

---

[5] The plaintiff in *Reynolds* made a written agreement with the defendant to lease the roof of a building, including a signboard, for advertising purposes.

any part of it." Similarly, in the present case, although the agreement is entitled a lease, the unambiguous terms of the parties' agreement convey a license to the premises in the plaintiff and nothing more.[6]

## III

The defendant next claims that the court improperly declined to grant the defendant's motion to dismiss pursuant to Practice Book § 15-8. We agree.

Practice Book § 15-8 provides that a court may dismiss the plaintiff's cause of action for failing to make out a prima facie case following the plaintiff's presentation of evidence. In light of our decision that the evidence did not support the court's conclusion that the plaintiff was in actual possession of the adjoining premises, a prerequisite for recovering damages in an unlawful entry and detainer action under § 47a-43, the court should have granted the defendant's motion on the ground that the plaintiff failed to make out a prima facie case.

## IV

We do not address the defendant's final claim that the court improperly awarded the plaintiff attorney's

---

[6] Notwithstanding the court's conclusion that the defendant's notice to quit was an acknowledgement that the agreement was indeed a lease, it was unnecessary for the court to go beyond the four corners of the parties' agreement because the terms of the agreement were unambiguous in providing a license to the premises in the plaintiff. "[W]hen the intention conveyed [in a written contract] is clear and unambiguous, there is no room for construction." *Southern New England Contracting Co.* v. *Norwich Roman Catholic Diocesan Corp.*, 175 Conn. 197, 199, 397 A.2d 108 (1978). "Extrinsic evidence is admissible to assist the court in resolving the question of intent where the terms of a contract are either *latently or patently ambiguous.*" (Emphasis added.) *Kronholm* v. *Kronholm*, 16 Conn. App. 124, 131, 547 A.2d 61 (1988). In the present case, the terms were neither latently nor patently ambiguous. Therefore, the court improperly relied on the defendant's notice to quit in determining the parties' intent.

fees of $1000 because the plaintiff withdrew it in its appellate brief.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the action.

In this opinion the other judges concurred.