[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants move for summary judgment as to all five counts of the plaintiffs revised complaint which alleges breach of contract, misrepresentation, a violation of the Connecticut Unfair Trade Practices Act (CUTPA), a breach of the implied covenant of good faith and fair dealing, and fraud, respectively, based on the purported failure of the defendants to remodel a condominium unit to make it wheelchair accessible.
Summary Judgment shall be rendered if the pleadings and documents CT Page 9231 submitted demonstrate a lack of genuine dispute as to material facts and that the movant is entitled to judgment as a matter of law, Practice Book § 17-49.
It is undisputed that, on June 15, 1999, the parties entered into a written agreement for the sale to the plaintiff of a condominium then owned by the defendants. All of the counts of the revised complaint have as a fundamental predicate an allegation that this written contract obligated the defendants to modify the unit to allow wheelchair access. The contract, however, contains no such provision.
The agreement does provide that, as a condition of the sale, the parties are "to agree to modification to the unit to make it accessible for a wheelchair." This provision calls for a future, ancillary agreement to be negotiated and reached by the parties regarding such a modification. The plaintiff submits no claim that the defendants have refused to negotiate in good faith to attain this goal or misrepresented their intention to strike such an accord. Instead, the plaintiff avers that the June 15, 1999, agreement, per se, compels the defendants to construct a modification. The court holds, as a matter of law, that it does not.
The pertinent language of the contract is clear and unambiguous and its import is, then, a question of law, Murphy, Inc. v. Remodeling, Etc.,Inc., 62 Conn. App. 517, 522 (2001). The counts alleging breach of contract and the implied covenant depend directly, of course, on the existence of a contractual obligation to modify the condominium unit to allow wheelchair accessibility. As noted above, the plaintiff makes no claim that an ancillary agreement as to the nature of this remodeling was ever attained. The defendants cannot, therefore, have breached the June 15, 1999, agreement nor any implied covenant of good faith attendant thereto as alleged in counts one and four of the revised complaint, despite the plaintiffs dissatisfaction with the modifications which were done.
The misrepresentation, CUTPA, and fraud counts incorporate the allegations of the first eight paragraphs of the breach of contract claim and assert that the defendants never intended to meet their contractual obligations under the June 15, 1999, purchase and sale agreement. These counts aver that the defendants never desired to fulfill their duty to modify the unit to provide access by wheelchair. Uncontroverted documentary evidence was submitted by the defendants demonstrating that modifications were undertaken to allow wheelchair access. Further, because the contract in question contained no such duty, as a matter of law, the defendants cannot have engaged in misrepresentation, fraud, and a CUTPA violation in the manner alleged in the revised complaint. CT Page 9232
For these reasons, the defendants' motion for summary judgment is granted.
Sferrazza, J.