[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR CONTEMPT POST JUDGMENT (122)
The parties' marriage was dissolved by judgment entered February 23, 2000 at which time the court incorporated their written separation agreement in the judgment. At that time the defendant was employed. The provision of their agreement in question is paragraph 4.1:
 "The HUSBAIND shall pay to the WIFE, during his lifetime, until her death or his "retirement date" from Texaco, whichever event shall first occur, as alimony and separate maintenance payments, the following:
 a. Beginning on the first of the month following the date of the dissolution of the parties' CT Page 13913 marriage, $27,000.00 per month, payable on the first of the month, in advance;"
On February 4, 2001 the defendant retired from his employment at Texaco. He has not paid any periodic alimony since that date, relying on the definition contained in paragraph 4.1 c:
 "The HUSBAND'S "retirement date' from Texaco for purposes of this Paragraph 4.1 shall be defined as the date HUSBAND ceases to be an employee of Texaco and becomes eligible to receive benefits in the Texaco retirement plans, subject to the plan provisions as to benefit commencement dates."
The court finds that the defendant has retired as of February 4, 2001 and that he has become eligible to receive benefits in the Texaco retirement plans, (defendant's Exhibit B).
The court further finds that the final phrase ". . . subject to the plan provisions as to benefit commencement dates" (emphasis added) are the actual commencement of benefits dates i.e. the dates when the defendant shall have disbursements made to him from the plans. In his testimony the defendant conceded that he will not and cannot receive money from these sources until the expiration of this year and that distributions will begin next January.
When a judgment incorporates a separation agreement it is to be construed as a contract, Barnard v. Barnard, 214 Conn. 99, 570 A.2d 690
(1990). When the language is clear and unambiguous it is to be given effect according to its terms. So. N.E. Contracting Co. v. Norwich RomanCatholic Diocesan Corporation, 175 Conn. 197, 199 (1978).
The court finds that the defendant is obliged to continue paying the monthly periodic alimony until he is receiving disbursements made to him from the plans.
As to the bonus the plaintiff claims is due defendant or has been paid to him, the court finds said payments are not for services performed or to be performed and are not bonus payments but rather are paid as consideration for other matters related to his abrupt retirement that was requested one day before the actual date of retirement and memorialized in a Separation Agreement and General Release between Texaco, Inc., and the defendant, (plaintiff's Exhibit #1 and defendant's Exhibit A). CT Page 13914
The defendant is ordered to resume payment of alimony consistent with this decision and to pay the accumulated arrears of periodic alimony within 30 days of date hereof No contempt is found due to the resourceful but unsuccessful arguments advanced by his counsel.
The court finds this failure to pay the monthly alimony to plaintiff a breach of their agreement and, pursuant to Article XI paragraph 11.4, the court orders the defendant to pay to the plaintiff her legal expenses of $13,728.03 and disbursements of $330.78 within 30 days of date hereof (Cf. Affidavit of Services dated October 2, 2001).
HARRIGAN, J.T.R.