[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6423
The plaintiff brings this action in a claim against the defendant for paving work on property of the defendant in accordance with a contract dated May 3, 2000 by which the defendant agreed to pay the plaintiff the sum of $24,380.00. The plaintiff alleges that defendant has paid only $5,000.00 although the work was completed before May 30, 2000 and demand was made by invoice dated May 31, 2000. The complaint has been filed in four counts on the grounds of (1) Breach of Contract; (2) Quantum Meruit; (3) Unjust Enrichment; and (4) Unfair Trade Practices.
The defendant in its answer admits the contract and that a partial payment of $5,000.00 has been made but denies that the contract was completed in a workmanlike manner. It denies that the defendant breached the contract; that the plaintiff has a claim for quantum meruit; that the defendant has been unjustly enriched; or that the defendant's action was unfair and deceptive in violation of G.S. § 42-110b. The defendant has filed special defenses to each count in that the plaintiff has performed in an unworkmanlike manner which will cause the defendant to expend more than the balance of the payment due under the contract.
Donald Forbes, president of the plaintiff, testified that some time in the spring of 2000 he was asked to submit a proposal for some paving work for the parking lot of the defendant at Lan Executive Center by Sal Sbriglio which he did (Plaintiff's Exhibit 1). After the submission of the proposal the defendant was given the job for $23,000.00 (Plaintiff'sExhibit 2). The work was completed before May 30, 2000 and Sal Sbriglio who check the job periodically appeared satisfied. After an invoice was sent for $23,380.00 (Plaintiff's Exhibit 5), he received a letter that there was a swale where not enough material was used to make the water flow to the catch basins (Plaintiff's Exhibit 3) After checking on a rainy day it was found that the problem referred to was in a location not within the contract and he had a new proposal prepared and submitted (Plaintiff's Exhibit 4).
Joanne Forbes, who was in charge of billing, collection and customer relations, testified that when payments are not made she uses a system of sending statements and making phone calls. In October she received a payment of $5,000.00 and in a telephone conversation with Antonio Reale that he promised to pay the rest but wanted more time because his tenants were not paying. She mailed a further statement crediting the $5,000.00 payment, leaving a balance of $19,380.00 (Plaintiff's Exhibit 6). She received no further payment.
Antonio Reale testified that he wanted to correct the pooling of water on the pavement and to fill the many cracks in the surface. He made a CT Page 6424 complaint after the plaintiff did his work that there was still pooling of water. He had photographs taken of the surface of the parking lot in April of 2001 showing the cracks in the pavement had not been remedied. See Defendant's Exhibit A. He took further photographs in 2002 showing that the cracks have enlarged (Defendant's Exhibit B) and that puddling was occurring (Defendant's Exhibit C).
It appears to the court that the plaintiff did the work requested by the contract and the defendant has used the swale diversion of rain water in an attempt to avoid payment until more work could be sought. The plaintiff properly presented another estimate for such new work. By October the defendant demonstrated his intent on making payment by making a partial payment of $5,000.00 and asking that court action be held off because of failure of tenants to pay rent. The bringing of this action in December, 2000 apparently failed to produce any further payments. Although the defendant claimed to have taken photographs of certain cracks in April of 2001, Defendant's Exhibit A, no evidence was produced to demonstrate that the plaintiff was requested to repair such under Section 3 of the contract nor sufficient corroborating evidence that a request could have been made within the limited period of the contract.Plaintiff's Exhibit 2. Obviously the work to be performed was a patch-up job and not a whole new surface and therefore the guarantee was for one year. The intent of the parties must be gathered from the language of the contract in light of the contract. Southern New England ContractingCompany v. Norwich Roman Catholic Diocesan Corporation, 175 Conn. 197,199.
Under the first count the court finds the issues for the plaintiff to recover from the defendant the balance due under the contract of $19,380.00.
In the absence of an express contract, the theories set forth in counts two and three would apply under the same set of facts as produced in count one: Quantum Meruit allowing for an implied contract where the defendant has accepted the services of the plaintiff and refuses to pay for them. Cecio Bros., Inc. v. Feldman, 161 Conn. 265, 272; and Unjust Enrichment where the defendant should not be permitted unjustly to enrich himself at the expense of the plaintiff, Franks v. Lockwood, 146 Conn. 273,278.
As to the fourth count, CUTPA, the defendant agreed to final payment within thirty days after the work was completed and accepted according to Section 3 of the contract. The evidence produced that at least in October, 2000 such acceptance was made and final payment was not made within thirty days. Under CUTPA it was not necessary for a plaintiff to prove reliance or that representation became part of the bargain to be an CT Page 6425 unfair or deceptive practice under the statute. Web Press ServicesCorporation v. New London Motors, Inc., 203 Conn. 342, 362. A breach of contract can be the basis for a violation. Retrofit Partners I.L.P. v.Lucas Industries, Inc., 201 F.3d 155, 163.
When liability under CUTPA is established, attorney's fees and costs may be awarded at the discretion of the court and the successful litigant must be given the opportunity at trial to provide evidence to establish a basis for the award. Barco Auto Leasing Corporation v. House,202 Conn. 106, 120. The plaintiff has testified that the legal fee to date on this matter is in excess of $7,500.00. The court finds that the defendant should be assessed the sum of $6,500.00 for the plaintiff's attorney's fees plus costs of action.
The court therefore grants judgment in favor of the plaintiff as against the defendant as stated above in the sum of $19,380.00 for the balance due under the contract, $6,500.00 for attorney's fees plus the costs of the action.
Thomas H. Corrigan Judge Trial Referee