[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
CT Page 15941-io
The plaintiff, Connecticut Independent Labor Union ("the union"), filed this petition for a declaratory ruling pursuant to General Statutes § 4-175 on January 17, 2001. An amended petition was filed on May 22, 2001. The defendants named in the amended petition are the Connecticut State Board of Labor Relations ("the board") and the Town of Groton ("the town").
The union's petition seeks a declaratory ruling that General Statutes § 7-473c (d)(1), providing that a binding arbitration hearing under the Municipal Employee Relations Act ("MERA") "shall be concluded within twenty days after its commencement," is mandatory and not merely directory.
The union's amended petition alleges that it represents a bargaining unit of municipal employees in the town — the Groton Municipal Employees' Association (GMEA) CILU Local #62. (Amended Petition, ¶ 4). On July 21, 1999, the town and the union were unable to reach agreement on ground rules for contract negotiations and sought the assistance of the State Board of Mediation and Arbitration (SBMA). The SBMA director met with the parties to begin the mediation process on October 27, 1999. (Amended Petition, ¶ 5). On November 2, 1999, binding arbitration was imposed on the parties under § 7-473c and the arbitration panel was subsequently selected. (Amended Petition, ¶ 6).
The hearings began on April 14, 2000. At the initial hearing the union expressed its concern over the number of issues (over 140) raised by the town and stated that this large number would likely make it impossible to complete the arbitration within the twenty-day time frame mandated by § 7-473c (d)(1). "In response, [the chairperson of the panel] issued a ruling that the 20 day time frame in the statute is directory rather than mandatory. The Panel then scheduled additional hearing dates beyond the twenty day period." (Amended Petition, ¶ 7).
On May 10, 2000, the union filed a petition for a declaratory ruling with the board, seeking a ruling by the board that the twenty-day time period is mandatory and that to hold otherwise would defeat the purpose of the binding arbitration legislation. (Amended Petition, ¶ 8). On September 29, 2000, the board issued a denial of the request for a declaratory ruling, stating "the question presented . . . is most appropriately answered by the interest arbitrators. . . ." (Amended CT Page 15941-ip Petition, ¶ 9). A petition for declaratory judgment under General Statutes § 4-175 followed, initially filed with the court on January 17, 2001, and subsequently amended on May 22, 2001.
During the binding arbitration, the parties continued to negotiate over the terms of the collective bargaining agreement. (Affidavit of Douglas Ackerman, Director of Administrative Services for Town of Groton, ¶ 7, attached to the town's motion to dismiss). On May 16, 2001, the union and the town resolved their differences and entered into an agreement as to the terms of a successor bargaining agreement. This agreement was reduced to writing and a successor bargaining agreement was ratified by the union on or about May 16, 2001, and was ratified by the town on or about May 22, 2001. As a result of the union and the town reporting their agreement to the SBMA, the SBMA closed their binding arbitration file in the matter. (Ackerman Affidavit, ¶¶ 7-9.)
The town has now moved to dismiss the petition in this court as moot.[1] Prior to resolving the motion to dismiss, the court asked the parties to consider three other jurisdictional matters by way of supplemental briefs. The first issue raised by the court was whether the board had jurisdiction to respond to the petition for a declaratory ruling, because General Statutes § 4-176 (a) requires that the petition be submitted "on a matter within the jurisdiction of the agency." On considering the issue, the court concludes that the board did have jurisdiction (that it chose not to exercise) to consider whether the chairman of the arbitration panel had correctly interpreted §7-473c (d)(1). "The legislature has assigned to the labor board the primary task of construing the provisions of the MERA." New Haven v. StateBoard of Labor Relations, 36 Conn. Sup. 18, 25 (1979); State v.Connecticut Employees Union Independent, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV93-0704068 (October 21, 1993, Maloney, J.) (8 C.S.C.R. 1131).
The second question raised by the court was whether the plaintiffs right to a declaratory judgment was affected by General Statutes §52-418, a statute allowing an appeal to Superior Court to vacate an arbitration award. One court has rejected a declaratory judgment when an arbitration was still in progress and no declaratory ruling had been requested of the proper agency. In Waterbury v. Board of Arbitration andMediation, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 505606 (October 14, 1993, Hammer, J.), the court declined to issue a declaratory judgment on the appropriateness of a "preliminary ruling by an arbitration panel" rather than letting the arbitration "run its course." The matter might return to the court at the CT Page 15941-iq conclusion of the arbitration by way of a motion to vacate. In the present declaratory judgment action pending before the court, however, the arbitration has come to an end by way of settlement, so that § 52-418
is not available as an avenue to contest the ruling of the arbitrator.International Brotherhood of Police Officers, Local 564 v. Jewett City,234 Conn. 123, 125 (1995). Therefore, the procedure to vacate an arbitration award as set forth in § 52-418 does not directly affect the court's jurisdiction to issue a declaratory judgment.
The third question raised by the court was whether § 4-175 (a), allowing a petitioner to seek a declaratory judgment on the "applicability" of the provision of a statute to specific circumstances, also allowed the court to interpret a statutory provision. Our Supreme Court answered this inquiry in Connecticut Life Health Ins. GuarantyAssn. v. Jackson, 173 Conn. 352, 356-7 (1977) by holding that § 4-175
includes statutory interpretation.
Having considered these three preliminary matters, the court will now turn to the town's motion to dismiss on the ground of mootness. The union does not deny that its settlement with the town rendered moot the issue of the length of time the arbitrators might take to conclude arbitration proceedings. Shays v. Local Grievance Committee, 197 Conn. 566, 571
(1985) (not province of court to decide moot questions, where no practical relief can follow); In re Romance M., 229 Conn. 345, 357 (1994) ("When, during the pendency of an appeal, events have occurred that preclude [a] . . . court from granting any practical relief through its disposition of the merits, a case has become moot"). Mootness deprives the trial court of subject matter jurisdiction. ALCA Construction Co. v. WaterburyHousing Authority, 49 Conn. App. 78, 80 (1998).
While acknowledging mootness, the union argues for an established exception to the mootness doctrine — that the issue it raises is "capable of repetition, yet evading review." It has attached an affidavit to its reply brief of Wayne Gilbert, the director of the union, and responsible for managing labor negotiations for municipal union locals within Connecticut. Gilbert states that he is directing negotiations for thirty-nine locals and a substantial proportion of these negotiations will become subject to binding arbitration before the SBMA. (Gilbert Affidavit, ¶ 4-6). Based upon this affidavit, the union argues that resolving the effect of the twenty-day provision will again arise and thus it is appropriate for the court to issue a declaratory judgment interpreting § 7-473c (d)(1).
The test in applying the exception is set forth in Loisel v. Rowe, CT Page 15941-ir233 Conn. 370, 382 (1995):
 Our cases reveal that for an otherwise moot question to qualify for review under the "capable of repetition, yet evading review" exception, it must meet three requirements. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as a surrogate. Third, the question must have some public importance.
Even assuming that the union has satisfied the second and third points of this test, it cannot demonstrate that a strong likelihood exists that the interest arbitrations occurring in the near future will become moot before an appellate court might rule on the issue raised. To hold otherwise would require the court to "recognize the existence of functionally insurmountable time constraints;" Loisel v. Rowe, supra,233 Conn. 383; that prevent the union's statutory deadline issue from reaching the state's appellate courts.
This case is, of course, not similar to Stamford Hospital v. Vega,236 Conn. 646 (1996), where an order authorizing a blood transfusion was reviewed after the transfusion had taken place. The decision in such a case "virtually always" becomes moot before reaching the appellate courts. Id., 654. Nor is the case similar to the two other union contract matters cited in Loisel. There, at 383, Justice Peters characterizedHartford Principals' Supervisors' Assn. v. Shedd, 202 Conn. 492 (1987) and Board of Education v. Board of Labor Relations, 201 Conn. 685 (1986) as meeting the "evading review prong because at issue were "collective bargaining agreements likely to expire before [the] dispute can be fully litigated." Loisel v. Rowe, supra, 233 Conn. 383. See also Board ofEducation v. State Board of Education, 243 Conn. 772, 778 (1998) (issue of transportation on non-school days is not moot as "[o]ne month was too short a time for the issues raised by the denial to have been fully litigated in the courts"). CT Page 15941-is
In contrast, there is no strong likelihood of the issue in the pending case terminating before it may be settled in the appellate courts. It is true that, as here, an arbitration may terminate when the parties reach a settlement by ratifying a collective bargaining agreement. It is just as likely that the matter will proceed in arbitration. Assuming that in the next arbitration the panel also determines that the twenty-day rule is directory and not mandatory, at the conclusion of arbitration the union may challenge the panel's award under § 52-418. The issue of timeliness may be considered by the superior court as a ground to vacate the arbitration award. § 52-418 (a)(4); Preston v. State Division ofCriminal Justice, 60 Conn. App. 853 (2000), cert. denied, 255 Conn. 936
(2001).
The board also suggests that in an appropriate situation, it will not defer to the arbitration panel, but will issue a declaratory ruling, citing the board's decision in Town of East Lyme, No. 3836 (August 28, 2001). The board in East Lyme answered four questions that had arisen in an arbitration before the SBMA relating to mandatory subjects of bargaining. The decision states that, unlike the present case, "Thomas Staley, Chair of the State Board of Mediation and Arbitration's (SBMA) Binding Arbitration Panel" had joined both the Town of East Lyme and the local police union in filing the petition for the declaratory ruling with the board. The court cannot assume that at that point the matter will settle; the union may well proceed to the court for a declaratory judgment under § 4-176.
There is thus no showing by the union that in a substantial majority of the potential arbitrations the twenty-day issue will become moot before resolution occurs in the appellate courts. Loisel v. Rowe, supra,233 Conn. 382; Barszck v. Solnit, 46 Conn. App. 112, 115-16 (1997) (issue of improper termination of residential housing became moot, but will not evade review in future case). This case clearly meets the concerns in applying the exception as stated in Loisel:
 If an action or its effects is not of inherently limited duration, the action can be reviewed the next time it arises, when it will present an ongoing live controversy. Moreover, if the question presented is not strongly likely to become moot in the substantial majority of cases in which it arises, the urgency of deciding the pending case is significantly reduced. Thus, there is no reason to reach out to decide the issue as between parties who, by hypothesis, no longer CT Page 15941-it have any present interest in the outcome.
Loisel v. Rowe, supra, 233 Conn. 383-84. Therefore, the appeal is dismissed as moot.
Henry S. Cohn, Judge